**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| GAYLE GEORGE, | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:10-cv-01359 (RMC) |
| BANK OF AMERICA, N.A., | |
| *Defendant*. | |

## DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT

Defendant Bank of America, N.A. ("Defendant"), by and through its undersigned counsel, respectfully moves this Court to dismiss Plaintiff Gayle George's Complaint in the above-captioned action pursuant to:  (i) Federal Rules of Civil Procedures, Rule 8(a), for failing to provide a short, plain statement of the claim or that the Plaintiff is entitled to any relief; (ii) Rule12(b)(4), for insufficient process; (iii) Rule 12(b)(5), for insufficient service of process; (iv) Rule 12(b)(6), for failing to state a claim upon which relief may be granted; and, (v) pursuant to the applicable statute of limitations.  In the alternative, Defendant hereby moves for a more definite statement of Plaintiff's claims pursuant to Federal Rules of Civil Procedure, Rule 12(e).  This Motion will be supported by the record, a memorandum of law, and any other evidence requested or permitted by the Court.

Accordingly, Defendant respectfully requests that this Court grant its Motion and dismiss Plaintiff's Complaint with prejudice.

Dated: March 25, 2011     Respectfully submitted,

         **BANK OF AMERICA, N.A.**
         *By Counsel*

By:   /s/Anand V. Ramana   
      Anand V. Ramana (D.C. Bar No. 489478)
      MCGUIREWOODS LLP
      2001 K Street, N.W., Suite 400
      Washington, DC  20006-1040
      Telephone:  (202) 857-1734
      Facsimile: (202) 828-2973
      aramana@mcguirewoods.com
      *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March, 2011, I caused a copy of the foregoing to be sent via U.S. mail, postage-prepaid, to:

Gayle George
412 Quackenbos Street, NW
Washington, DC 20001
*Plaintiff Pro Se*

/s/      Anand V. Ramana
Anand V. Ramana (D.C. Bar No. 489478)
MCGUIREWOODS LLP
2001 K Street, NW, Suite 400
Washington, DC 20006-1040
Telephone:  (202) 857-1734
Facsimile: (202) 828-2973
*Attorney for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GAYLE GEORGE,

*Plaintiff*,

v.

BANK OF AMERICA, N.A.,

*Defendant*.

Civil Action No. 1:10-cv-01359 (RMC)

<u>**MEMORANDUM OF LAW IN SUPPORT OF BANK OF AMERICA, N.A.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR ALTERNATIVE MOTION
FOR A MORE DEFINITE STATEMENT**</u>

Defendant Bank of America, N.A. ("Defendant"), by and through its undersigned counsel, respectfully moves this Court to dismiss Plaintiff Gayle George's Complaint pursuant to:  (i) Federal Rules of Civil Procedure, Rule 8(a), for failing to provide a short, plain statement of the claim or that the Plaintiff is entitled to any relief; (ii) Rule, 12(b)(4), for insufficient process; (iii) Rule 12(b)(5), for insufficient service of process; (iv) Rule 12(b)(6), for failing to state a claim upon which relief may be granted; and (v) pursuant to the applicable statute of limitations.   In the alternative, Defendant hereby moves for a more definite statement of Plaintiff's claims pursuant to Federal Rules of Civil Procedure, Rule 12(e).  In support thereof, Defendant respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint ("Motion"), and states as follows:

## I.        STATEMENT OF FACTS AND INTRODUCTION

On January 30, 2007, Gayle George ("Plaintiff") executed a Deed of Trust and Fixed Rate, Interest-Only Note to Bank of America ("Note"), which was secured by 412 Quackenbos Street, N.W., Washington, D.C. 20011 ("Property").  The Deed of Trust is attached hereto as

**Exhibit A**.[1]   The Note is attached hereto as **Exhibit B**.   The Deed of Trust provides Defendant with the right to initiate the power of sale in the event of a default by the Plaintiff.   *See* Deed of Trust, Exhibit A, clause 22.   On July 1, 2010, as a result of Plaintiff's long-standing default, Defendant, through Shapiro & Burson, LLP, initiated foreclosure on the Property.   The Notice of Foreclosure Sale of Real Property or Condominium Unit ("Foreclosure Notice") is attached hereto as **Exhibit C**.[2]   Foreclosure was scheduled for August 4, 2010.   *See* Foreclosure Notice, Exhibit C.   To date, Defendant has not foreclosed on the Property.

Upon information and belief, Plaintiff filed this lawsuit against Defendant on August 13, 2010 in order to avoid Defendant's clear, contractual right to foreclose on the Property.   *See* Complaint ("Compl."); *see also* Deed of Trust, Exhibit A, clause 22.   Plaintiff also filed a Petition for Restraining Order and a Petition for Temporary Injunction.   On August 12, 2010 the Court denied the Plaintiff's request for a TRO.[3]   On October 4, 2010, Plaintiff filed a Petition for No Answer Default ("Petition").   To date, Defendant has not received the Petition.   *See* Affidavit of Jonathan Hyman (the "Affidavit"), a copy of which is attached hereto as **Exhibit D**.   On October 8, 2010, the Court entered default ("Default") against Defendant.   As discussed below, Plaintiff failed to properly serve Defendant, and Defendant was not aware of the

---

[1] A defendant may attach to a pleading, documents relied upon in the Complaint, and the Court may consider those documents in ruling upon a Rule 12(b)(6) motion.   *Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (quotations and internal citation omitted) (the court may consider documents "incorporated by reference in the complaint," or documents "upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff").

[2] The Court may take judicial notice of any fact or document "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."   *Texas Boarder Coal. v. Napolitano*, 614 F. Supp. 2d 54, 57 (D.D.C. 2009) (citing *United States v. Fink*, 393 F. Supp. 2d 935, 939 (D.S.D. 2005) ("[S]ince district courts may take judicial notice of public records, they may properly consider public records on a motion to dismiss.") (citing *Stahl v. USDA*, 327 F.3d 697, 700 (8th Cir. 2003))).

[3] Upon information and belief, the Court's denial of the restraining order is a denial to both the Plaintiff's Petition for a Restraining Order and Petition for Temporary Injunction, which both seek an injunction of the August 4, 2010 foreclosure.   In the event that the Court's Order is not in response to both Plaintiff's Petition for a Restraining Order and Petition for Temporary Injunction, Defendant reserves the right to respond to any of the allegations not resolved by the Court Order or addressed in this Motion.

Complaint until after the Default had been entered.  *See* Affidavit, Exhibit D.  Therefore, Defendant was unable to answer or otherwise respond to the Complaint or seek an extension from Plaintiff prior to the expiration of the Answer deadline.  Upon receipt and review of Plaintiff's Complaint, it is clear that it should be dismissed.

The legal bases for dismissal of Plaintiff's Complaint are discussed in detail below. Before considering these legal justifications for dismissal, the general composition of Plaintiff's Complaint should be considered.  First, the Complaint is incomplete and unclear.  The Complaint appears to be missing pages 10, 12-14, and 16-17, and is organized and written in a confusing, and at times incomprehensible, manner.  For example, pages 19 through 24 appear to be a response to a motion to dismiss, rather than a Complaint.[4]  *See* Compl. ¶¶ 521-655[5]  Further, a large majority of the Complaint is devoted to overbroad generalizations about the banking industry, rather than facts relevant to Defendant specifically.  And, confusingly, Plaintiff appears to use "Defendant" and "Lender" interchangeably throughout the Complaint, but then also refers to "Defendant" and "Lender" in the same sentence, which causes the inference that Plaintiff is discussing two separate entities or potential defendants.  Defendant cannot conclusively determine whether the allegations against the "Lender" in the Complaint are allegations against Defendant Bank of America, N.A.  *See* Compl. ¶¶ 173-175.  The exact nature of the dispute and the specific claims against Defendant are difficult to decipher.

Further, as a threshold matter, Plaintiff's Complaint fails in all respects to allege facts that could be a legitimate basis for a claim for relief against Defendant.  Although *pro se* pleadings

---

[4] As discussed below, Plaintiff's Complaint is alarmingly similar to the complaint at issue in *Foos v. Wells Fargo Home Mortgage*, No. CIV S-10-2201-FCD-CMK, 2010 U.S. Dist. LEXIS 133081 (E.D. Cal. Dec. 16, 2010).  This similarity, combined with the fact that Plaintiff devotes a large portion of the Complaint to arguing against a motion to dismiss, strongly suggests that the Complaint was cut and pasted from other lawsuits with little effort to tailor the Complaint to any legitimate case or controversy between Plaintiff and Defendant.

[5] The Complaint is organized by line numbers, rather than paragraph numbers.  All paragraph citations refer to specific line designations in the Complaint.

are construed liberally, the "'pro se complaint, [no less than any other complaint], must present a claim on which the Court can grant relief.'"  *Adams v. U.S. Capital Police Bd.* 564 F. Supp 2d 37, 40 (D.D.C. 2008) (quoting *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002). In construing the Complaint in a light favorable to the Plaintiff, it appears the Plaintiff attempts to make the following claims, and/or is pursuing the following theories of recovery, against Defendant[6]:

1.   Defendant cannot proceed with foreclosure because Defendant "is not a real party in interest in any contract which can claim a collateral interest in the property," and because "no valid lien exists which would give Lender a claim against the property" (*See* Compl. ¶¶ 157-158, 159-161);

2.   Defendant violated "Uniform Commercial Code 3-501" by failing to produce the original Note (*See* Compl. ¶¶ 26-29);

3.   Defendant does not have standing to pursue foreclosure (*See* Compl. ¶¶ 155-156);

4.   Defendant is enforcing the Note under an agency theory, but Defendant has not provided sufficient evidence of an agency relationship (*See* Compl. ¶¶ 225-232);

5.   The Note is void and unenforceable because Defendant violated the implied covenant of good faith and fair dealing by inducing Plaintiff to enter into a predatory loan (*See* Compl. ¶¶ 173-175, 178-180; 593-627);

6.   Defendant committed fraud[7] by convincing Plaintiff to take a loan they knew she could not afford (*See* Compl. ¶¶ 162-172, 178-180) and by converting the Note into a security instrument and selling it to an investor (*See* Compl. ¶¶ 181-182);

7.   Defendant committed fraud against "backers of derivatives by betting on the failure of the Note the lender designed to default" (*See* Compl. ¶¶ 188-189);

8.   Defendant received unjust enrichment via the collection of late fees (*See* Compl. ¶¶ 176-177);

---

[6] Because of the convoluted nature of the Complaint, many of these theories of recovery or allegations appear in multiple locations within the document or overlap each other and appear to be directed at the entire banking industry.  The list below is Defense counsel's best effort, under the circumstances, at identifying the theories pursued by Plaintiff for purposes of this Motion.

[7] Plaintiff inserts many references to different types of fraud throughout the complaint – common law fraud, fraud by nondisclosure, fraud in the inducement, and fraud in the execution – but the terms are often baldly used without any factual explanation.

9.      At Plaintiff's expense, Defendant, "et al . . . devised business plans to reap millions of dollars in profits" (*See* Compl. ¶¶ 190-192);

10.     Defendant was negligent in extending the loan to Plaintiff (*See* Compl. ¶¶ 550-566);

11.     Defendant intended to defraud the purported investor and the taxpayers of the U.S. by filing Internal Revenue Form 1099a (*See* Compl. ¶¶ 183-187);

12.     Defendant charged false fees at settlement (*See* Compl. ¶¶ 309-317);

13.     Defendant engaged in deceptive advertising and unfair trade practices in violation of 15 U.S.C. § 45 (*See* Compl. ¶¶ 371-377);

14.     Defendant violated the Real Estate Settlement Procedures Act (RESPA), the Truth in Lending Act (TILA), and the Home Ownership and Equity Protection Act (HOEPA) (*See* Compl. ¶¶550-568; 628-635);

15.     Defendant caused intentional infliction of emotional distress (*See* Compl. ¶¶ 636-655);

16.     Defendant, "agent, appraiser, trustee, Lender, et al." breached their fiduciary duty of care (*See* Compl. ¶¶ 538-547); and,

17.     Defendant failed to give Plaintiff proper notices (*See* Compl. ¶¶ 21-22).

Plaintiff's legal rationale in support of these allegations is devoid of any coherent argument.   In order to properly state a claim and give sufficient notice to a defendant, a plaintiff is obligated to provide sufficient factual allegations to raise a right to relief beyond a speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007).  In the present case, the Complaint is missing pages; many pages are devoted to defending against a nonexistent (at that juncture) motion to dismiss; most pages are an irrelevant history of the banking industry and/or its purported problems; and the allegations and necessary parties are unclear.  Plaintiff has fallen far short of the necessary standard to properly set forth a claim against Defendant.   Therefore, Plaintiff's Complaint should be dismissed.

## II.   <u>STANDARD OF REVIEW</u>

A district court should grant a motion to dismiss "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).   While the Court must take all factual allegations made in a complaint as true, *see Holy Land Found. for Relief & Dev. v. Ashcroft,* 333 F.3d 156, 165 (D.C. Cir. 2003), the United States Supreme Court heightened a plaintiff's pleading requirements in *Twombly*, 550 U.S. at 555.   In order to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true."   *Id.* (internal quotations and citations omitted).

Specifically, a plaintiff's claim must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face" such that it has "nudged [his] claims across the line from conceivable to plausible."   *Id*. at 570.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

In *Iqbal*, the Court enunciated a two-step approach for determining whether a complaint may survive dismissal.   First, a district court need not accept legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 129 S. Ct. at 1949 (citation omitted).   Second, only a complaint that states a plausible claim for relief should survive a motion to dismiss, and making such a determination is a "context specific" task where the court must apply its judicial experience and common sense.   *Id.* at 1950.   Therefore, "a court considering a motion to dismiss

can choose to begin by identifying pleadings that, because they are no more than conclusions, are

not entitled to the assumption of truth." *Id.* Here, Plaintiff's bare and conclusory allegations fail

to state any plausible claims for relief.

### III.   ARGUMENT

Plaintiff's Complaint should be dismissed in its entirety.  In *Foos*, the *pro se* plaintiff

filed what appears to be an identical complaint against Wells Fargo, which was dismissed upon

Wells Fargo's motion to dismiss.  *See Foos*, 2010 U.S. Dist. LEXIS 133081, at *8-17[8] (noting

"Plaintiff's actual claims are unclear.  It appears he is attempting to form a 'produce the note'

type of claim, which is intended to delay a non-judicial foreclosure.  Such claims have

universally been rejected").  The complaint summary in *Foos* perfectly summarizes Plaintiff's

Complaint:

> Plaintiff alleges in his complaint that he entered into a contract to refinance his
> residence, but he was induced into entering into a predatory loan agreement, that
> the defendants committed fraud against him, failed to provide proper notices,
> charged false fees, and initiated collection procedures knowing they were
> estopped from doing so under UCC 3-501.  He also makes general allegations of
> unfair practice against the entire real estate industry as a whole without specific
> allegations relating to the defendant.

*Id*. at *2.  In fact, passages in the *Foos* complaint are identical to passages in the Complaint filed

in this action.  For example, the *Foos* complaint provided "Petitioner is informed and believes

that Defendant's violation of the provisions of law rendered the credit transaction null and void,

invalidates Defendant's claimed interest in the Subject Property, and entitles Petitioner to

damages as prove at trial."  Plaintiff's Complaint provides this allegation, verbatim, at lines 318-

319.  *Compare Foos,* 2010 U.S. Dist LEXIS 133081, at *9, *with* Compl. ¶¶ 633-635.  Given the

"cut and paste" nature of Plaintiff's Complaint, it is clearly difficult for Defendant to ascertain

the specific claims being asserted against it by Plaintiff.  Although Defendant believes that this

---

[8] All unpublished cases are attached hereto as **Exhibit E**.

lawsuit was filed by Plaintiff in an attempt to avoid a proper foreclosure, Defendant has made a

good faith attempt to respond to each claim seemingly made against it, and the reasons justifying

full dismissal of these claims, below.

A.      **The Complaint Must be Dismissed Pursuant to Fed. R. Civ. P. 8(a).**[9]

Rule 8(a)(1) and (a)(3) of the Federal Rules of Civil Procedure provide that a Complaint

must contain "a short and plain statement of the grounds for the court's jurisdiction"  and "a

short and plain statement of the claim showing that the pleader is entitled to relief."   As this

Court has found, the minimal 8(a) standards serve "to give fair notice to defendants of the claim

or claims being asserted such that defendants are able to file a responsive answer, prepare an

adequate defense, and determine whether the doctrine of *res judicata* applies."   *Poblete v.*

*Goldberg*, 680 F. Supp. 2d 18, 19 (D.D.C. 2009) (citing *Brown v. Califano*, 75 F.R.D. 497, 498

(D.D.C. 1977)).  Importantly,

> [p]leading deficiencies that warrant dismissal include (1) 'confused and rambling
> narrative of charges and conclusions,' (2) 'untidy assortment of claims that are
> neither plainly nor concisely stated, nor meaningfully distinguished from bold
> conclusions, sharp harangues and personal comments,' and (3) failing to allege
> 'with even modest particularity the dates and places of the alleged transactions.'

*Poblete*, 680 F. Supp. at 19 (citing *Califano*, 75 F.R.D. at 499).

Plaintiff's Complaint, similar to the *pro se* pleading in *Poblete*, fails to meet the

requirements of Rule 8.  First, nowhere in the Complaint does Plaintiff provide the grounds for

the Court's jurisdiction.  Further, Plaintiff's Complaint is missing six pages, devotes four other

pages to generalizations about the banking industry that are not specific to Defendant, and

devotes four pages arguing against a motion to dismiss that had not been filed at that point.  *See*

Compl. ¶¶ 30-152, 522-627.  The Complaint is certainly incomplete, untidy, confusing and

---

[9] This section is in response to all arguments in Plaintiff's Complaint as summarized in section I, numbers 1-17,
above.

rambling. *Poblete*, 680 F. Supp. at 19. The Complaint's deficiencies have impeded Defendant's ability to prepare an adequate defense to the Plaintiff's allegations. As a result of these deficiencies, Plaintiff's Complaint should be dismissed.

**B.      The Complaint Must be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(5).**

Where there is insufficient service of process on a defendant, the case against that defendant should be dismissed. *See Tafler v. D.C.*, No. 05-1563 (PLF), 2006 U.S. Dist. LEXIS 81714, at *10-11 (D.D.C. Nov. 8, 2006) (dismissing the claims against one party because there was no proper service of process). The appropriate methods for serving a corporation, partnership, or association are as follows:

(1)      Fed. R. Civ. P., Rule 4(h)(1) provides, in pertinent part, that a corporation or association, "must be served (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant;"

(2)      Fed. R. Civ. P., Rule 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . .;"

(3)      D.C. Super. Ct. R., Rule 4(c)(3) provides that service upon a corporation or association "may be effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested."

(4)      D.C. Super. Ct. R., Rule 4(h)(1), provides that service upon corporations and associations within the United States can be accomplished "by delivering a copy of the summons, complaint and initial order to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive services of process and, if the agent is one authorized by statute to receives service and the statute so requires, by also mailing a copy to the defendant . . ."

As discussed in Defendant's Motion to Vacate Default Judgment, which Defendant incorporates herein by reference, Plaintiff has not served Defendant via any of these permissible

methods.   Although a Summons was stamped as accepted by Nelson Hernandez at 400 Countrywide Way, Simi Valley, CA  93065 on September 1, 2010, Nelson Hernandez is not, and was not, Defendant's employee, and was not authorized to accept service of the Summons and Complaint on behalf of Defendant.  *See* Affidavit, Exhibit D.

In *Larry M. Rosen & Assoc. v. Hurwitz*, the District of Columbia Court of Appeals held that service of process was insufficient where the plaintiff served the defendant corporation by mail, and the mail was signed for by a receptionist.   465 A.2d 1114, 1117 (D.C. 1983). Similarly, in *Morfessis v. Marvins Credit, Inc.*, the District of Columbia Court of Appeals found insufficient service of process where a U.S. Marshal had served an individual's secretary, even though the secretary had told the U.S. Marshal that she could receive service of process.  77 A.2d 178, 180 (D.C. 1950).  In *Morfessis*, the District of Columbia Court of Appeals,

> [saw] no evidence in the record justifying a finding that appellant's secretary was his agent authorized by appointment to receive service of process.  If it were otherwise, then almost anyone who employs a secretary whose duties include receiving mail and business communications would find himself having unknowingly and unintentionally appointed an agent with authority to receive service of process.

77 A.2d at 180.[10]   Importantly, "'the phrase 'an agent authorized by appointment to receive service of process' is intended to cover the situation where an individual actually appoints an agent for that purpose,'" and "an agent of an individual for other purposes is not necessarily authorized to receive service.'"   *Id.* at 180 (quoting MOORE'S FEDERAL PRACTICE (2d Ed.), Vol. 2, § 4:12 and citing FEDERAL PRACTICE AND PROCEDURE, Vol. 1, § 177).  The present case is no different than *Morfessis* – while Nelson Hernandez may have been a mail courier, he was not authorized to accept service of process on behalf of Defendant.  *See* Affidavit, Exhibit D.

---

[10] Implicit in these cases is also the conclusion that actual notice of the service cannot cure defective service.  *See Prunte v. Universal Music Grp.*, 248 F.R.D. 335, 338 (D.D.C. 2007) ("It is established that actual notice alone cannot cure otherwise defective service.").

Further, the service was defective because Plaintiff merely mailed the Summons and Complaint to the attention of "Bank of America, N.A.," without identifying a proper recipient within the company. *See* Affidavit, Exhibit D; s*ee also* Certified Mail Return Receipt (the "Green Card"), which is attached hereto as **Exhibit F**. When attempting service pursuant to D.C. SUPER. CT. R., Rule 4(c)(3), [11] the Plaintiff must identify a proper recipient – *i.e.,* an officer, managing, general, or authorized agent. *See also* FED. R. CIV. P., Rule 4(h)(1) and Rule 4(e)(1) (detailing the requirements of service).

Pursuant to D.C. Super. Ct. R. 4(c)(3) service is "effected by mailing a copy of the summons, complaint, and initial order *to the person to be served.*" D.C. SUPER. CT. R. 4(c)(3) (emphasis added). District of Columbia courts have routinely held that service is insufficient where plaintiffs have failed to designate the appropriate agent to receive service when suing corporations or governmental entities. *See Byrd v. District of Columbia*, 230 F.R.D. 56, 58 (D.D.C. 2005) (noting that "service of process under District of Columbia law has been held to be valid only if the mail is signed for by an employee who is designated to receive service of process."). Here, the Summons and Complaint were sent to "Bank of America, N.A.," generally, and not specifically "to the person to be served." Therefore, service of process was not sufficient. *See* Notice, Exhibit F; *see also* D.C. SUPER. CT. R. 4(c)(3) (detailing service requirements).

Courts have long held that the requirement to serve an authorized agent is more than a technicality: it serves an important purpose in ensuring that defendants have adequate notice of

---

[11] The District of Columbia, Superior Court Rules of Civil Procedure apply. *See James v. Booz-Allen & Hamilton, Inc.*, No. 00-2509 (RMU), 2002 U.S. Dist. LEXIS 3078, at *6 (D.D.C. 2002) (noting that "the federal rules require service of process on a corporation to be in accordance with the state statutes authorizing service of process on a corporation, not the statutes authorizing service on an individual" and citing to *Salon Grp., Inc. v. Salberg,* 156 F. Supp. 2d 872, 877 (N.D. Ill. 2001) to show that state law applies for analysis of service of process on a corporation).

claims against them, and it recognizes that corporations and governmental entities receive copious amounts of mail that may be handled by numerous employees before it ever reaches (if it ever does) the appropriate designated party. *See Morfessis*, 77 A.2d at 180 (noting the inequities of finding a secretary was authorized to accept service without any proof of such authorization); *See also Schwarz v. Thomas*, 222 F.2d 305, 308 (1955) (holding that there was no evidence in the record to show that the defendant had been properly served, despite the plaintiff sending the complaint to the defense counsel, because " '[t]he rule is clear that it must appear that any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process'"). Given that Nelson Hernandez was not even an employee of Defendants, let alone a person authorized to accept service of the Summons and Complaint, service in this case is defective. Because there is insufficient process and insufficient service of process, Plaintiff's Complaint should be dismissed. *See Tafler*, 2006 U.S. Dist. LEXIS 81714, at *10-11 (dismissing the claims against one party because there was not proper service of process)[12]

## C.   The Complaint Must be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).

The Complaint is wrought with claims, which simply do not entitle Plaintiff to relief, and as such, should be dismissed. *See* FED. R. CIV. P., Rule 12(b)(6). Defendant responds to each of these claims in turn.[13]

---

[12] Defendant's Motion should be granted based on insufficient service of process alone. The insufficient service of process coupled with the other irregularities and deficiencies in this case further warrant granting Defendant's Motion. Plaintiff's Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) because in violation of Fed. R. Civ. P, Rule 4(a)(1)(A), which provides that a "summons must . . . name the court and the parties," the Summons here does not name the court. *See* Summons, attached hereto as **Exhibit G**. Further, the Green Card was not signed by Defendant. *See* Green Card, Exhibit F. Finally, Plaintiff's Certificate of Service affiliated with the Petition for No Answer Default ("Petition") does not note to what Bank of America, N.A. address or representative the Petition was sent, and to date, Defendant has not received such. *See* Petition, attached hereto as **Exhibit H**.

[13] Again, many of Plaintiff's claims were not clear, and were not clearly directed at Defendant; however, in a good faith effort to construe the pleadings in Plaintiff's favor, Defendant postulates as to what exactly the claims are and addresses each conjectured claim.

1.    *Plaintiff's Complaint should be dismissed because the District of Columbia is a non-judicial foreclosure jurisdiction that does not require a showing of standing.*[14]

Plaintiff contends that Defendant does not have "legal standing to bring collection or foreclosure claims against the property." *See* Compl. ¶ ¶ 155-158; 225-232.

Plaintiff's theory – that Defendant must prove standing – is contrary to the District of Columbia's status as a non-judicial foreclosure jurisdiction. *See generally* D.C. CODE §§ 42-815-818.2 (2010). The District of Columbia, like other non-judicial foreclosure jurisdictions, does not require a lender to file an action in court to foreclose, and instead permits a lender to foreclose pursuant to procedures set forth in its statutes and in the controlling deed of trust. *See* D.C. Code §§ 42-815 (2010) (allowing foreclosure pursuant to "power of sale provision contained in any deed of trust"). Importantly, non-judicial foreclosure procedures do not mandate a showing of "standing" in a court of law before foreclosing on the Property. *See generally* D.C. CODE §§ 42-815-818.2 (2010); s*ee also Pazmino v. LaSalle Bank, N.A.*, 2010 U.S. Dist. LEXIS 50306, at *18-19 (E.D. Va. May 20, 2010) ("The Court rejects Plaintiff's standing argument to the extent that Plaintiff uses the term 'standing' to refer to a requirement that a secured party first prove in court its right to initiate a foreclosure before proceedings commence. The fundamental flaw in Plaintiff's argument is that Virginia is a non-judicial foreclosure state.")

Despite this, a large portion of Plaintiff's Complaint is devoted to Plaintiff alleging that Defendant has to prove standing. Plaintiff incorrectly contends that Defendant cannot proceed with foreclosure because Defendant has not proven their ownership, shown a purported

---

[14] This section is in response to the arguments in Plaintiff's Complaint as summarized in section I, numbers 1, 3 and 4, above.

assignment, and proven that they are an "agent" entitled to enforce the note.[15]   *See* Compl., ¶¶ 155-158, 159-161.   Yet, Plaintiff has not (and cannot) identify any procedure set forth in the District of Columbia Code or the Deed of Trust which establishes these requirements.   Rather, District of Columbia law provides that a foreclosure sale under a power of sale provision contained in any deed of trust may take place if a "holder of the note secured by such deed of trust" gives written notice of the sale.   D.C. CODE §42-815(b) (2010); *see also* D.C. MUN. REG. § 9.3100 (setting forth procedures for non-judicial foreclosure).

Contrary to Plaintiff's assertions, in the District of Columbia, a note holder's right to foreclose does not depend upon a showing of standing or recordation of an assignment to the note holder.   As a result, Plaintiff's contentions are completely dependent on an erroneous legal theory and Plaintiff's Complaint must be dismissed.

> 2. *Plaintiff's Complaint should be dismissed because Defendant has not violated U.C.C. § 3-501 and Defendant is a real party in interest entitled to enforce the Note and Deed of Trust.*[16]

Plaintiff contends that pursuant to "Uniform Commercial Code 3-501,"[17] Defendant can not proceed with foreclosure without first producing the original Note "subsequent to the request by Petitioner for the production of the original promissory note alleged to create a debt."   *See* Compl. ¶¶ 26-29.   Defendant has not violated D.C. CODE § 28:3-501.

D.C. CODE § 28:3-501(b)(2) provides "[u]pon demand of the person to whom presentment is made, the person making presentment must (i) exhibit the instrument . . ."   Plaintiff incorrectly contends that Defendant is estopped from proceeding with foreclosure

---

[15] *See Foos*, 2010 U.S. Dist LEXIS 133081,  at *8 (discussing and dismissing a similarly deficient Complaint in which plaintiff "makes some arguments related to agency law, stating defendants lack the standing of agent," but failing to "identify any principal for whom defendant is attempting to act as an agent").

[16] This section is in response to the arguments in Plaintiff's Complaint as summarized in section I, numbers 1-2, above.

[17] This provision of the U.C.C. has been adopted, verbatim, by the District of Columbia in D.C. Code § 28:3-501.

pursuant to D.C. CODE § 28:3-501 for failing to produce the "original" instrument.  *See* Compl. ¶¶ 26-29.  Nothing in D.C. CODE § 28:3-501 requires presentment of the "original" instrument. *See* D.C. CODE § 28:3-501 (describing presentment).  Nothing in D.C. CODE § 28:3-501 supports Plaintiff's allegation that failure to produce the "original" Note prevents Defendant from enforcing the Note.[18]  Therefore, by the clear language of the law, Plaintiff has not provided a sustainable argument.

Plaintiff also contends that Defendant "is not a real party in interest in any contract which can claim a collateral interest in the property" and "no valid lien exists which would give Lender a claim against the property."  *See* Compl. ¶¶ 157-161.[19]  Plaintiff also generally states, "[i]n as much as the Lender is required to present the original on demand of Petitioner, there can be no presumption of regularity when the original is not so produced."  *See* Compl. ¶¶ 215-216.

Contrary to Plaintiff's contentions, the Deed of Trust and Note expressly provide that Defendant has an interest in the Property and a valid claim to the Property.  *See* Exhibit A; *see also* Exhibit B.  The Note defines the lender as "Bank of America, N.A."  *See* Exhibit B, clause 1.  Similarly, under the Deed of Trust, the "Lender" is defined as "Bank of America, N.A."  *See* Exhibit A, page 1.  The Deed of Trust expressly provides that "[t]his Security Instrument secures to Lender: (i) repayment of the Loan . . .; and (ii) the performance of Borrower's covenants and agreements," and that "[f]or this purpose, Borrower irrevocably grants and conveys to Trustee in

---

[18] Further, it is unclear from the facts of the Complaint whether Plaintiff alleges that she actually requested the Note. In ¶¶ 26-29 of the Complaint, Plaintiff generally discusses how it is improper to proceed with foreclosure "subsequent to the request by Petitioner."  It is not clear to Defendant whether Plaintiff alleges that she specifically requested the original Note, and, if so, who sent the request to and when.  Other than ¶¶ 26-29 of the Complaint, Plaintiff only alleges: "In as much as Lender has refused Petitioner's request of the chain of custody of the security instrument in question by refusing to identify all current and past real parties in interest, there is no way to follow said chain of custody to insure, by verified testimony, that no alterations to the original provisions in the contract have been made."  *See* Compl. ¶¶ 216-220.  By these facts, it appears that Plaintiff has only requested a list of "current and past real parties in interest."  *Id.*  This is not a request for either a copy of the instrument, or the original.  Whether Plaintiff actually requested the Note is uncertain.

[19] To the extent that Plaintiff's "real party in interest" argument is related to Plaintiff's contention that Defendant does not have standing to initiate foreclosure, the invalidity of this argument is addressed in section III(C)(1), above.

trust, with power of sale" the Property.  *See* Exhibit A, pages 2-3.  The express terms of the contracts between the parties specifically identifies the Defendant as a party in interest with a lien on the Property.

Plaintiff's allegation that Defendant must produce the original note pursuant to D.C. CODE § 28:3-501 is contrary to the express language of the statute, and Plaintiff's contention that Defendant is not a real party in interest with a lien on the Property is contrary to the express terms of the contracts.  *See* D.C. CODE § 28:3-201(a) (describing presentment); *see also* Deed of Trust, Exhibit A and Note, Exhibit B.  Therefore, Plaintiff's "show the note" defense must be dismissed.

**D.** **The Remaining Allegations in Plaintiff's Complaint Are Insufficiently Pled, Barred by the Applicable Statute of Limitations, and/or Plaintiff Lacks Standing to Raise these Allegations.**

*1.* *Plaintiff has failed to plead fraud with particularity, such claims are barred by the statute of limitations, and Plaintiff does not have standing*[20]

Plaintiff claims that Defendant fraudulently induced the Plaintiff into entering into a predatory loan, committed fraud by converting the promissory note into a security instrument and selling it to an investor, committed fraud against "backers of derivatives by betting on the failure of the promissory note the lender designed to default," and committed fraud against the Plaintiff and "taxpayers of the United States" by filing Internal Revenue Form 1099a.  *See* Compl. ¶¶ 162-172, 178-189.  Plaintiff also broadly alleges that Defendant engaged in common law fraud, fraud by nondisclosure, fraud in the inducement, and fraud in the execution.[21]  *See* Compl. ¶¶ 162-172.

---

[20] This section is in response to the arguments in Plaintiff's Complaint as summarized in section I, numbers 6, 7, and 11, above.

[21] As Defendant summarized in Section I, 18 above, Plaintiff also provides that "Defendants failed to make proper notices to Petitioner that would have given Petitioner a warning of the types of tactics used by Defendants to defraud Petitioner."  *See* Compl. ¶ 21-22.  Defendant cannot discern whether this is an allegation of fraud, or an allegation

Pursuant to Fed. R. Civ. P., Rule 9(b), a party must state with particularity "the circumstances constituting fraud." *Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981) (noting that "because 'fraud' encompasses a wide variety of activities, the requirements of Rule 9(b) guarantee all defendants sufficient information to allow for preparation of a response").  To allege fraud with particularity, and avoid dismissal for failure to comply with Rule 9(b), a plaintiff's complaint " 'must state the time, place and content of the false misrepresentations, the fact misrepresented and what was obtained or given up as a consequence of the fraud.'"  *Id.* at 1385.

Plaintiff does not satisfy a single element of the test of a sufficient pleading of fraud. Plaintiff would have to show all three elements to satisfy the Rule 9(b) pleading requirements. While Plaintiff baldly asserts that Defendant induced Plaintiff to enter into a predatory loan, Plaintiff does not explain how the loan is predatory, specifically what statements Defendant made to induce the Plaintiff, the time and place of these statements, the person making the statements, how Plaintiff was misled by these statements, or what Defendant obtained as a result of their purported fraud.  Without more specific information, Defendant cannot investigate this purported fraudulent activity, or adequately prepare a response.

Plaintiff also fails to explain how selling a note constitutes fraud, how selling the note misled the Plaintiff, or the time and place of this purported fraudulent conveyance.  Importantly, by the express terms of the Deed of Trust, "The Note or a partial interest in the Note (together with the Security Instrument) can be sold one or more times without prior notice to Borrower." *See* Deed of Trust, Exhibit A, clause 20.   Plaintiff further claims that Defendant acted fraudulently towards unascertainable, non-parties – *i.e.,* "backers of derivatives" - but again,

---

relating to providing foreclosure notices, etc.  To the extent that this is an allegation of fraud, this section discusses that the time for this claim has expired.  To the extent that this is an allegation relating to foreclosure notices, etc., Defendant refers the Court to Exhibit C, the Foreclosure Notice provided in this matter.

such claims are made without any particularity.  *See* Compl. ¶¶ 188-189.  Moreover, while Plaintiff claims that Defendant fraudulently filed Internal Revenue Form 1099a, Plaintiff does not provide when a Form 1099a was filed, who the 1099a related to, or how this purported filing misled the Plaintiff.  *See* Compl. ¶¶ 188-189.  Finally, Plaintiff baldly states that Defendant engaged in common law fraud, fraud by non-disclosure, fraud in the inducement, and fraud in the execution.  *See* Compl. ¶¶ 162-172.  Simply stating these terms does not satisfy the Federal Rules' pleadings standards for allegations of fraud.

While Plaintiff has broadly alleged fraudulent activity, she has failed to provide "any specific instances" of this purported conduct.  *Harris v. George Washington Primary Care Assoc.*, No. 98-7192, 1999 U.S. App. LEXIS 29629, at *2 (D.C. Cir. Oct. 19, 1999) (finding that "[where] the complaint generally alleges that fraud occurred over an eleven-year time span and that it involved overbilling . . . ," but failing to "allege any specific instances in which overbilling or improper coding or other fraudulent activity took place" warrants dismissal). As a result of Plaintiff's deficient pleadings surrounding the allegations of fraud, Plaintiff's Complaint should be dismissed.

Further, many of the allegations of fraud are barred by the statute of limitations.  *See* D.C. CODE § 12-301(8) (2010).  Plaintiff contends that the "contract was fraudulent in its creation" because it was "secured by acts of . . . common law fraud, fraud by non-disclosure, fraud in the inducement, fraud in the execution . . ." and that Defendant engaged in common law fraud by "act[ing] in concert and collusion with others named herein in promulgating false representations to cause Petitioner to enter into the LOAN without knowledge or understanding of the terms thereof."  *See* Compl. ¶¶ 162-166; 569-590.   The Deed of Trust and Note (the contracts) at issue were executed on January 30, 2007.  *See* Deed of Trust, Exhibit A; *see also* Note, Exhibit B.

Plaintiff filed this Complaint on August 13, 2010 – three years and seven months after the parties executed the Note and Deed of Trust.  Pursuant to D.C. statute, "the time limit for bringing an action for forgery or fraud is three years." *Delaney v. Elliott,* 819 A.2d 968, 983 (D.C. 2003).  *See* D.C. CODE § 12-301(8)(describing the time limitation for bringing certain actions).  Since Plaintiff did not raise these claims of fraud within the statutorily prescribed time frame, such claims should be dismissed.

Plaintiff does not have standing to bring the remaining allegations of fraud.  Specifically, Plaintiff claims that Defendant defrauded "*Investor* by converting the promissory note into a security instrument and selling same to *Investor*," defrauded "*Investor* and *taxpayers of the United States*" by filing "Internal Revenue Form 1099a," and defrauded "*backers of derivatives* by betting on the failure of the promissory note the lender designed to default."  *See* Compl. ¶¶ 181-189 (emphasis added).  To show standing, "'[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'"  *Chenoweth v. Clinton*, 997 F. Supp. 36, 37-38 (D.D.C. 1998) (quoting *Raines v. Byrd*, 117 S. Ct. 2312, 2317 (1997).  Further, "[t]o have standing, the plaintiff must have suffered a 'particularized' injury, which means that 'the injury must affect the plaintiff in a personal and individual way.'"  *Id*.  Here, Plaintiff has not alleged, and cannot allege, how a purported fraud on "Investors" and "backers of derivatives" caused a personal injury to the Plaintiff.  *See* Compl. ¶¶ 181-189.  Plaintiff has also failed to allege how the purported fraud on "taxpayers of the United States" affected Plaintiff "in a personal and individual way." *Chenoweth*, 977 F. Supp. at 37-38; *see also* Compl. ¶¶ 183-187.

Because Plaintiff's allegations of fraud are insufficiently pled, barred by the statute of limitations, and/or Plaintiff lacks standing to assert such allegations, Plaintiff's claims related to fraud must be dismissed.

> 2. *Plaintiff's Real Estate Settlement Procedures Act ("RESPA"), Truth in Lending Act ("TILA") and Home Ownership and Equity Protection Act ("HOEPA") claims are barred by the applicable statute of limitations.*[22]

Plaintiff's claims under RESPA, TILA, or HOEPA had to be brought within three years. Under RESPA, 12 U.S.C. § 2614, depending on the action pursued there is either a one or three year statute of limitations.  Under TILA or HOEPA, an action "must be commenced 'within one year from the date of the occurrence of the violation.'"  *Hughes v. Abell*, No. 09-220 (JDB), 2010 U.S. Dist. LEXIS 121622, at *28 (D.D.C. 2010) (citing 15 U.S.C. § 1640(e)).  Under TILA and HOEPA "time starts as of the date of the occurrence of the violation, the date the loan transaction was consummated."  *Foos*, 2010 U.S. Dist. LEXIS 133081, at *12 (citing *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986)); *see also* 15 U.S.C. § 1640.  As previously discussed, Plaintiff waited three years and seven months from the date this cause of action acrued to file this Complaint.  Therefore, Plaintiff's RESPA, TILA, and HOEPA claims are all barred by the statute of limitations.

Again, Plaintiff's Complaint with regard to these purported causes of action is identical to the complaint that was dismissed in *Foos*.  *Compare* Compl. ¶¶ 630-635, *with Foos*, 2010 U.S. Dist. LEXIS 133081, at *9.  Further, much like the plaintiff in *Foos*, Plaintiff claims that TILA

---

[22] This section is in response to the arguments in Plaintiff's Complaint as summarized in section I, numbers 13-14, above.  As discussed at section I, 13 above, Plaintiff also alleges that "the manner in which Defendants have carried on their business enterprises" violates "a variety of unlawful business practices prohibited by 15 USC 45 *et seq*." *See* Compl. ¶¶ 372-374.  This allegation is so vague and broad that Defendant cannot adequately research and formulate a defense, or calculate the time for purposes of a statute of limitations defense.  Based on the vagueness of this allegation alone, this claim should be dismissed.  *See* FED. R. CIV. P., Rule 8(a) (detailing the pleading requirements).  And, if the business practices alleged to be in violation stem from the transaction at issue here, such claims would be barred by the statute of limitations.  Finally, it is unclear whether Plaintiff has standing to bring such a claim.

and RESPA are subject to equitable tolling, but Plaintiff "fails to allege any facts which would entitle [her] to tolling."  *Foos*, 2010 U.S. Dist LEXIS 133081, at *9; *see also Hughes*, 2010 U.S. Dist. LEXIS 121622, at *29.  Not only did Plaintiff fail to allege that she did not have adequate notice, she fails to allege any facts that would entitle her to tolling in this case.

Plaintiff's RESPA, TILA, and HOEPA claims are clearly barred by the statute of limitations.  Further, because Plaintiff "failed to plead any facts to support entitlement to such [equitable] tolling" of the applicable statute of limitations, Plaintiff's Complaint should be dismissed.  *Foos*, 2010 U.S. Dist. LEXIS 133081, at *9.

> 3.     *Plaintiff's claims of negligence, emotional distress, breach of a fiduciary duty, unjust enrichment, and breach of the implied covenant of good faith and fair dealing are barred by the statute of limitations and do not provide Plaintiff with a basis for relief.*[23]

There is a three year statute of limitations for all of the remaining claims raised by Plaintiff.  *See* D.C. CODE § 12-301(8) (2010) (describing the statute of limitations); *See also Tolbert v. Nat'l Harmony Mem'l Park*, 520 F. Supp. 2d 209, 211-212 (D.D.C. 2007) (noting that there is a "3-year statute of limitations period for claims of . . . breach of contract and breach of implied covenant of good faith . . . fraud . . .negligence, and intentional and negligent infliction of emotional distress").  Further, "when one cause of action accrues, the limitations period begins to run for all possible dependent or intertwined causes of action, and if one claim is barred by the statute of limitations, then dependent or intertwined claims are also barred."  *Id*. at 212.

> a.     *Plaintiff's claims of breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty must be dismissed.*

Plaintiff did not commence this action until three years and seven months after the original transaction.  Plaintiff claims that Defendant breached the implied covenant of good faith

---

[23]This section is in response to the arguments in Plaintiff's Complaint as summarized in section I, numbers 5, 8-10, 12, and 15-16, above.  In addition to the statute of limitations, all of these claims should be dismissed for the reasons as discussed in section III(A), above.

and fair dealing by, amongst many things, placing Plaintiff into a loan "without regard for other more affordable products" and "without following proper underwriting standards." *See* Compl. ¶¶ 613-622. Plaintiff also claims that Defendant purportedly breached a fiduciary duty by charging false fees and "with respect to the mortgage loan transactions." *See* Compl. ¶¶ 310-317; 539-547.

Plaintiff's claims with regard to these purported breaches center around the origination of the loan, which occurred on January 30, 2007. *See* Note, Exhibit B. Because these purported actions occurred more than three years ago, Plaintiff's claims are barred by the statute of limitations. *See* D.C. Code § 12-301(8) (2010); *See also Tolbert*, 520 F. Supp. 2d at 211-212 (noting that there is a "3-year statute of limitations period for claims of . . . breach of implied covenant of good faith . . ."); *see also Murray v. Wells Fargo Home Mortg.*, 953 A.2d 308, 320-321 (D.C. 2008)(same).

Regardless of whether the purported breach of a fiduciary duty and breach of the implied covenant of good faith and fair dealing are barred by the statute of limitations, and to the extent that these claims are unrelated to the loan origination, Plaintiff is not entitled to relief under these claims and such should be dismissed. "[A] lender has no fiduciary duty to borrowers" and where the plaintiff "fails to allege the existence of any special relationship with the defendant to support his claim of breach of implied covenant of good faith and fair dealing" this claim should be dismissed. *Foos*, 2010 U.S. Dist. LEXIS 133081, at *14. Additionally, a defendant cannot be found to have breached the implied covenant of good faith and fair dealing where the defendant acted upon its contractual right to proceed with foreclosure. *Coleman v. Countrywide Home Loans, Inc.*, 2009 U.S. Bankr. LEXIS 4401, at *20-22. Here, Plaintiff does not allege any

22

special relationship and Defendant was pursuing their contractual right to foreclosure; therefore,

Plaintiff has failed to state a basis for relief under these claims.

> b.      *Plaintiff's negligence claim must be dismissed.*

Plaintiff also claims that Defendant negligently extended a loan to Plaintiff, which

Defendant knew, or should have know, Plaintiff could not afford.  *See* Compl. ¶¶ 550-556.

Plaintiff's claim with regard to negligence centers around the origination of the loan, which

occurred on January 30, 2007.  *See* Note, Exhibit B.  Because this purported conduct occurred

more than three years ago, Plaintiff's claim is barred by the statute of limitations.  *See* D.C. CODE

§ 12-301(8) (2010); *see also Tolbert,* 520 F. Supp. 2d at 211-212 (noting that there is a "3-year

statute of limitations period for claims of . . . negligence . . . ").

Regardless of whether Plaintiff's negligence claim is barred by the statute of limitations,

and to the extent that this claim is unrelated to the loan origination, Plaintiff is not entitled to

relief under this claim and such should be dismissed.  To establish negligence, the Plaintiff must

prove "'a duty of care owed by the defendant to the plaintiff, a breach of that duty by the

defendant, and damage to the interest of the plaintiff, proximately caused by the breach.'"  *Hall*

*v. Lanier*, 708 F. Supp. 2d 28, 31 n.3 (D.D.C. 2010) (quoting *Smith v. Hope Village, Inc.*, 481 F.

Supp. 2d 172, 184 (D.D.C. 2007)).  Defendant does not necessarily owe Plaintiff a "duty of care"

and Defendant does not owe Plaintiff a "fiduciary duty."  *Foos*, 2010 U.S. Dist. LEXIS 133081,

at *14   Although the Court has found that a lender owes a borrower a duty of care where a

lender made special promises, above and beyond the typical arms-length transaction, the Plaintiff

has not alleged any facts that would create the implication of a "duty" here.  *See Hughes*, 2010

U.S. Dist. LEXIS 121622, at *19-20 (noting that "mortgage lenders *may* owe a duty of care to

borrowers," and finding that the lender owed a duty of care because they told the borrower "'he

did not need to worry' about the loan being an adjustable rate mortgage" (emphasis added)).  Not only has Plaintiff not alleged facts that would give rise to Defendant owing Plaintiff a duty, but Plaintiff has failed to allege how Defendant's conduct proximately caused Plaintiff damages.  *See* Compl.  ¶¶ 560-568.  As a result of these deficiencies, Plaintiff has failed to state a claim of negligence that entitles her to relief.

> c.   *Plaintiff's intentional infliction of emotional distress claim must be dismissed.*

Plaintiff's claim of intentional infliction of emotional distress appears to be related to the loan origination, or based on knowledge of the Defendant when extending loans to "vulnerable consumers."  *See* Compl. ¶¶ 636-655.  Again, Plaintiff's claims with regard to intentional infliction of emotional distress centers around the origination of the loan, which occurred on January 30, 2007.  *See* Note, Exhibit B.  Because this purported conduct occurred more than three years ago, Plaintiff's claim is barred by the statute of limitations.  *See* D.C. CODE § 12-301(8) (2010); *see also*, 520 F. Supp. 2d at 211-212 (noting that there is a "3-year statute of limitations period for claims of . . . intentional and negligent infliction of emotional distress").

Regardless of whether Plaintiff's intentional infliction of emotional distress claim is barred by the statute of limitations, and to the extent that this claim is unrelated to the loan origination, Plaintiff is not entitled to relief under this claim and such should be dismissed.  To establish intentional infliction of emotional distress, "the 'plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress.'"  *See Tiefenbacher v. AARP*, No. 05-1802 (CKK), 2006 U.S. Dist. LEXIS 23629, at *6 (D.D.C. 2006) (quoting *Dreiza v. Vaccaro*, 650 A.2d 1308, 1312 (D.C. 1994)).  This claim "must be founded upon acts 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as

atrocious, and utterly intolerable in a civilized society.'" *Id.* (quoting *Homan v. Goval*, 711 A.2d 812, 818 (D.C. 1998).   To survive a motion to dismiss on a claim for intentional infliction of emotional distress, "'the allegations of the complaint must afford a basis for concluding that the [plaintiff] may be able to prove conduct of the required enormity.'"   *Id.*   Plaintiff fails to allege conduct on the part of the Defendant that would be "utterly intolerable in a civilized society," or that Defendant acted "intentionally or recklessly."   *See* Compl. ¶¶ 636-655.   In fact, Plaintiff's allegations are largely allegations against the banking industry's conduct as a whole, not the Defendant's specific conduct.   Therefore, Plaintiff's claims of intentional infliction of emotional distress cannot survive this motion to dismiss.

> e.   *Plaintiff's unjust enrichment claim must be dismissed.*

Finally, similar to the other claims, "unjust enrichment claims are subject to a three year statute of limitations."   *Vila v. Inter-American Inv. Corp.*, 570 F.3d 274, 283 (D.C. Cir. 2009). Plaintiff alleges that Defendant was unjustly enriched via Defendant's purported conduct surrounding loan origination.   *See* Compl. ¶¶ 492-504.   Plaintiff's claims with regard to unjust enrichment center around the origination of the loan, which occurred on January 30, 2007.   *See* Note, Exhibit B.   Because this purported conduct occurred more than three years ago, Plaintiff's claim for unjust enrichment is barred by the statute of limitations.

Further, regardless of whether the purported unjust enrichment is barred by the statute of limitations, and to the extent that this claim is unrelated to the loan origination, under the facts here, this claim does not entitle Plaintiff to relief.   *See* Compl. ¶¶ 167-180; 190-192.   Unjust enrichment is a "quasi-contract" theory of recovery and "an unjust enrichment claim arises in the absence of a contract;" therefore, "one is unable to recover under an unjust enrichment theory when a contract governs the parties' relationship."   *McIntosh v. Gilley*, No. 10-119 (CKK), 2010

U.S. Dist. LEXIS 125748, at *29 (D.D.C. 2010).  The Deed of Trust and Note, the contracts at issue here, control in this case.  *See* Deed of Trust, Exhibit A; *See also* Note, Exhibit B.  Because there is a contract, Plaintiff cannot seek recovery for unjust enrichment.  *See McIntosh*, 2010 U.S. Dist. LEXIS 125748, at *29 (discussing unjust enrichment).

Given that Plaintiff did not timely pursue these purported causes of action, or the related causes of action, and because many of these the purported causes of action do not entitle Plaintiff to relief, Plaintiff's claims of negligence, emotional distress, breach of a fiduciary duty, unjust enrichment, and breach of the implied covenant of good faith and fair dealing should be dismissed.  *See Foos*, 2010 U.S. Dist. LEXIS 133081, at *14 (noting in a factually similar case "beyond pleading inadequacies to support these claims, it appears that the statute of limitations on these claims has expired").

## E.   <u>Alternative Motion for a More Definite Statement</u>

In the event that this Court declines to dismiss Plaintiff's Complaint, Defendant hereby moves the Court for a More Definite Statement pursuant to Fed. R. Civ. P., Rule 12(e).  In support of this motion, Defendant hereby incorporates the discussion of Plaintiff's Complaint contained *supra*, which clearly demonstrates that Plaintiff's Complaint is so confusing, misguided, vague, and ambiguous that Defendant cannot currently, adequately Answer[24] it without substantial clarification as to Plaintiff's theories of liability.

---

[24] In accordance with LCvR 7(g) of the local rules of the United States District Court for the District of Columbia ("Court Rules"), Defendant has submitted an Answer with its Motion to Vacate Default.  As is stated in Defendant's Answer, this submission was provided solely to comply with the Court Rules.  However, Defendant could not definitively ascertain Plaintiff's claims, and in the event that Defendant's Motion to Dismiss is not granted and the Court grants Defendant's Motion for a More Definite Statement, Defendant reserves the right, and requests leave of Court, to file a new Answer.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, this Court should dismiss with prejudice all counts in

Plaintiff's Complaint and award Defendant any further relief that the Court deems appropriate.

Dated: March 25, 2011                    Respectfully submitted,

**BANK OF AMERICA, N.A.**
*By Counsel*

By:    _/s/Anand V. Ramana_____
          Anand V. Ramana (D.C. Bar No. 489478)
          MCGUIREWOODS LLP
          2001 K Street, N.W., Suite 400
          Washington, DC  20006-1040
          Telephone:  (202) 857-1734
          Facsimile: (202) 828-2973
          aramana@mcguirewoods.com
          *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March, 2011, I caused a copy of the foregoing to be sent via U.S. mail, postage-prepaid, to:

Gayle George
412 Quackenbos Street, NW
Washington, DC 20001
*Plaintiff Pro Se*

  _/s/Anand V. Ramana_____
Anand V. Ramana (D.C. Bar No. 489478)
McGuireWoods LLP
2001 K Street, N.W., Suite 400
Washington, DC  20006-1040
Telephone:  (202) 857-1734
Facsimile: (202) 828-2973
aramana@mcguirewoods.com
*Counsel for Defendant*