**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GAYLE GEORGE,<br><br>*Plaintiff*,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>*Defendant*. | Civil Action No. 1:10-cv-01359 (RMC) |

## DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO VACATE DEFAULT

Defendant Bank of America, N.A. ("Defendant"), by and through its undersigned counsel, respectfully moves this Court to vacate the default entered against Defendant on October 8, 2010 ("Default"). This Motion will be supported by the record, a memorandum of law, and any other evidence requested or permitted by the Court.

Accordingly, Defendant respectfully requests that this Court grant its Motion and vacate the October 8, 2010 Default.

Dated: March 25, 2011                                  Respectfully submitted,

                                                              **BANK OF AMERICA, N.A.**
                                                              *By Counsel*

By:   /s/ Anand V. Ramana_____
        Anand V. Ramana (D.C. Bar No. 489478)
        McGuireWoods LLP
        2001 K Street, N.W., Suite 400
        Washington, DC 20006-1040
        Telephone: (202) 857-1734
        Facsimile: (202) 828-2973
        aramana@mcguirewoods.com
        *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of March, 2011, I caused a copy of the foregoing to be sent via U.S. mail, postage-prepaid, to:

>Gayle George
>412 Quackenbos Street, NW
>Washington, DC 20001
>*Plaintiff Pro Se*

>/s/ Anand V. Ramana
>Anand V. Ramana (D.C. Bar No. 489478)
>MCGUIREWOODS LLP
>2001 K Street, N.W., Suite 400
>Washington, DC  20006-1040
>Telephone:  (202) 857-1734
>Facsimile: (202) 828-2973
>aramana@mcguirewoods.com
>*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GAYLE GEORGE,<br><br>        *Plaintiff*,<br><br>    v.<br><br>BANK OF AMERICA, N.A.,<br><br>        *Defendant*. | Civil Action No. 1:10-cv-01359 (RMC) |

**MEMORANDUM OF LAW IN SUPPORT OF
BANK OF AMERICA, N.A.'S MOTION TO VACATE DEFAULT**

Pursuant to Federal Rules of Civil Procedure, Rule 55, Defendant Bank of America, N.A. ("Defendant"), by and through its undersigned counsel, respectfully moves this Court to vacate the default entered against Defendant on October 8, 2010 ("Default"). In support thereof, Defendant respectfully submits this Memorandum of Law in support of its Motion to Vacate Default ("Motion"), and states as follows:

    **I.**    **STATEMENT OF FACTS AND INTRODUCTION**

This litigation concerns a loan made by Defendant to Plaintiff Gayle George ("Plaintiff") in relation to Plaintiff's purchase of 412 Quackenbos Street, N.W., Washington, D.C. 20011 ("Property"). On January 30, 2007, Plaintiff executed a Deed of Trust and Fixed Rate Interest Only Note ("Note") in favor of Defendant. The Deed of Trust is attached hereto as **Exhibit A**. The Note is attached hereto as **Exhibit B**. As of 2008, Plaintiff was in default on the loan. One default notice is attached hereto as **Exhibit C**. As the result of Plaintiff's continued default, on July 1, 2010, Defendant, through Shapiro & Burson, LLP, initiated foreclosure on the Property. The Notice of Foreclosure Sale of Real Property or Condominium Unit ("Foreclosure Notice") is

attached hereto as **Exhibit D**. Foreclosure was scheduled for August 4, 2010. *See* Foreclosure Notice, Exhibit D. To date, Defendant has not foreclosed on the Property.

Upon information and belief, in response to the Foreclosure Notice, Plaintiff filed this lawsuit against Defendant on August 13, 2010. *See* Complaint ("Compl."). Along with the Complaint, Plaintiff also filed a Petition for Restraining Order and a Petition for Temporary Injunction. On August 12, 2010, the Court denied the Plaintiff's request for a "temporary restraining order."[1] Unbeknownst to Defendant, Defendant was found in default on October 8, 2010.

Defendant asks this Court to set aside the Default in this case for a number of reasons. First, after learning it was in default, Defendant ascertained the facts and moved to set aside the entry of Default. Second, Defendant has many meritorious defenses to Plaintiff's claims. These defenses are detailed in Bank of America's Motion to Dismiss Plaintiff's Complaint[2], which was filed contemporaneously with this Motion. In short, the primary grounds for dismissal of Plaintiff's Complaint include the following: (i) Federal Rules of Civil Procedure, Rule 8(a), for failing to provide a short, plain statement of the claim or that the Plaintiff is entitled to any relief; (ii) Rule 12(b)(4), for insufficient process; (iii) Rule 12(b)(5), for insufficient service of process; (iv) Rule 12(b)(6), for failing to state a claim upon which relief may be granted; and, (v) pursuant to the applicable statute of limitations. The Plaintiff should not be able to obtain judgment for a case which has no merit. Also, the Plaintiff will not be prejudiced if the Default

---

[1] Upon information and belief, the Court's denial of the restraining order is a denial to both the Plaintiff's Petition for a Restraining Order and Petition for Temporary Injunction, which both seek an injunction of the August 4, 2010 foreclosure. In the event that the Court's Order is not in response to both Plaintiff's Petition for a Restraining Order and Petition for Temporary Injunction, Defendant respectfully requests leave to respond to any of the allegations not resolved by the Court Order or addressed in this Motion.

[2] Defendant incorporates herein by reference Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint, and the affiliated Memorandum of Law in Support of Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint.

is set aside.  Finally, Defendant was not aware of the Complaint until after the Default had been entered, as evidenced by the Affidavit of Jonathan Hyman (the "Affidavit") filed contemporaneously herewith, a copy of which is attached hereto as **Exhibit E**.  Therefore, Defendant was unable to answer or otherwise respond to the Complaint or seek an extension from Plaintiff prior to the expiration of the Answer deadline.  Importantly, Defendant's failure to timely respond is excusable because such delay was the result of service deficiencies.  *See* Affidavit, Exhibit E.

Further, there are a number of procedural irregularities which support Defendant's Motion.  Although a Summons was stamped as accepted by Nelson Hernandez at 400 Countrywide Way, Simi Valley, CA 93065 on September 1, 2010, based on Defendant's research, Nelson Hernandez is not, and was not, Defendant's employee, and was not authorized to accept service of the Summons and Complaint on behalf of Defendant.  *See* Affidavit, Exhibit E.  Even assuming *arguendo* that Nelson Hernandez was authorized to accept service, which is denied, there is no signature on the certified mail return receipt (the "Green Card"), a copy of which is attached hereto as **Exhibit F**.  Moreover, the Summons merely provides that the matter is in the "United States District Court for the . . .," but it does not provide for what jurisdiction. The Summons is attached hereto as **Exhibit G**. Therefore, even if the Defendant was properly served with the Summons and Complaint, which is denied, the Summons was defective.

## II.     STANDARD OF REVIEW

Default judgments "are generally disfavored by courts." *Flynn v. Pulaski Constr. Co., Inc.*, No. 02-02336, 2006 U.S. Dist. LEXIS 1680, at *7-8 (D.D.C. Jan. 6, 2006).[3]  Pursuant to FED. R. CIV. P., Rule 55(c), "the court may set aside an entry of default for good cause." *Edmond v. Rogers*, No. 10-0495 (JDB), 2010 U.S. Dist. LEXIS 61526, at *3 (D.D.C. June 22,

---

[3] All unpublished cases are attached hereto as **Exhibit H**.

2010). "Good cause exists in two scenarios: (1) where the court that issued the entry of default did not have personal jurisdiction over the defendant and (2) upon a balancing of equities." *Flynn*, 2006 U.S. Dist. LEXIS 1680, at *8. Importantly, "courts have found that good cause *per se* exists when default was entered against a party for whom the issuing court did not have personal jurisdiction." *Id*. at *9. In a good cause "balancing of equities analysis," the decision whether to vacate default "lies within the discretion of the trial court," and "exercise of that discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious.'" *Edmond*, 2010 U.S. Dist. LEXIS 61526, at *3 (citing *Keegel v. Key West & Carribean Trading Co.,* 627 F.2d 372, 373 (D.C. Cir. 1980)). In the present case, "good cause" exists under both scenarios set forth above, and the Default previously entered against Defendant should be vacated.

### III. ARGUMENT

**A.  Insufficient Process and Service of Process Warrant Vacating the Default.**

It is well-established that in the event that service upon a defendant is improper, "the default must be set aside." *Flynn*, 2006 U.S. Dist. LEXIS 1680, at *10. Given that "service of process is the means by which a court asserts jurisdiction to adjudicate the rights of a party, it is uniformly held that a judgment is void where the requirements for effective service have not been satisfied." *Flynn*, 2006 U.S. Dist. LEXIS 1680, at *10. The appropriate methods for serving a corporation or association are as follows:

(1) Fed. R. Civ. P., Rule 4(h)(1) provides, in pertinent part, that a corporation or association, "must be served (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant;"

    (2)    Fed. R. Civ. P., Rule 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . .;"

    (3)    D.C. Super. Ct. R., Rule 4(c)(3) provides that service upon a corporation or association "may be effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested."

    (4)    D.C. Super. Ct. R., Rule 4(h)(1), provides that service upon corporations and associations within the United States can be accomplished "by delivering a copy of the summons, complaint and initial order to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive services of process and, if the agent is one authorized by statute to receives service and the statute so requires, by also mailing a copy to the defendant . . ."

Plaintiff has not served Defendant via any of these permissible methods. Where there is insufficient service of process on a defendant, the case against that defendant should be dismissed. *See Tafler v. D.C.*, No. 05-1563 (PLF), 2006 U.S. Dist. LEXIS 81714, at *10-11 (D.D.C. Nov. 8, 2006) (dismissing the claims against one party because there was not proper service of process).

As evidenced by the Affidavit, Nelson Hernandez was not authorized to accept service of process on behalf of Defendant. *See* Affidavit, Exhibit E. He was not, and is not, Defendant's employee, let alone, an "officer," "managing or general agent," or any other authorized agent. *See* Affidavit, Exhibit E. Further, the service was defective because Plaintiff merely mailed the Summons and Complaint to the attention of "Bank of America, N.A.", without identifying a proper recipient within the company. *See* Affidavit, Exhibit E; *See also* Green Card, Exhibit F. When attempting service pursuant to D.C. SUPER. CT. R., Rule 4(c)(3)[4] the Plaintiff must identify

---

[4] The District of Columbia, Superior Court Rules of Civil Procedure apply. *See James v. Booz-Allen & Hamilton, Inc.*, No. 00-2509 (RMU), 2002 U.S. Dist. LEXIS 3078, at *6 (D.D.C. Feb. 11, 2002) (noting that "the federal rules require service of process on a corporation to be in accordance with the state statutes authorizing service of process on a corporation, not the statutes authorizing service on an individual" and citing to *Salon Grp.,*

a proper recipient – *i.e.*, an officer, managing, general, or authorized agent. *See also* FED. R. CIV. P., Rule 4(h)(1) and Rule 4(e)(1).

Pursuant to D.C. SUPER. CT. R. 4(c)(3) service is "effected by mailing a copy of the summons, complaint, and initial order *to the person to be served*." (emphasis added). District of Columbia courts have routinely held that service is insufficient where plaintiffs have failed to designate the appropriate agent to receive service when suing corporations or governmental entities. *See Byrd v. District of Columbia*, 230 F.R.D. 56, 58 (D.D.C. 2005) (noting that "service of process under District of Columbia law has been held to be valid only if the mail is signed for by an employee who is designated to receive service of process."). Here the Summons and Complaint were sent to "Bank of America, N.A.," generally, and not specifically "to the person to be served." Therefore, service of process was not sufficient and the Court should vacate the Default entered against Defendant. *See* Notice, Exhibit F; *See also* D.C. SUPER. CT. R. 4(c)(3) (detailing service requirements).

Further, in *Larry M. Rosen & Assoc. v. Hurwitz*, the District of Columbia Court of Appeals held that process was insufficient where the plaintiff served the defendant corporation by mail, and the mail was signed for by a receptionist. 465 A.2d 1114, 1117 (D.C. Cir. 1983). Similarly, in *Morfessis v. Marvins Credit, Inc.*, the District of Columbia Court of Appeals found insufficient service of process where a U.S. Marshal had served an individual's secretary, even though the secretary had told the U.S. Marshal that she could receive service of process. 77 A.2d 178, 180 (D.C. Cir, 1950). In *Morfessis*, the District of Columbia Court of Appeals,

> [saw] no evidence in the record justifying a finding that appellant's secretary was his agent authorized by appointment to receive service of process. If it were otherwise, then almost anyone who employs a secretary whose duties include receiving mail and business

---

*Inc. v. Salberg Grp.,* 156 F. Supp. 2d 872, 877 (N.D. Ill. 2001) to show that state law applies for analysis of service of process on a corporation).

6

communications would find himself having unknowingly and unintentionally appointed an agent with authority to receive service of process.

77 A.2d at 180.[5]  Importantly, "'the phrase 'an agent authorized by appointment to receive service of process' is intended to cover the situation where an individual actually appoints an agent for that purpose,'" and "an agent of an individual for other purposes is not necessarily authorized to receive service.'" *Id.* (quoting MOORE'S FEDERAL PRACTICE (2d Ed.), Vol. 2, § 4:12 and citing FEDERAL PRACTICE AND PROCEDURE, Vol. 1, § 177).  The present case is no different than *Morfessis* – Nelson Hernandez was not authorized to accept service of process on behalf of Defendant.  *See* Affidavit, Exhibit E.

Courts have long held that the requirement to serve an authorized agent is more than a technicality: it serves an important purpose in ensuring that defendants have adequate notice of claims against them, and it recognizes that corporations and governmental entities receive copious amounts of mail that may be handled by numerous employees before it ever reaches (if it ever does) the appropriate designated party.  *See Morfessis*, 77 A.2d at 180 (noting the inequities of finding a secretary was authorized to accept service without any proof of such authorization); *See also Schwarz v. Thomas*, 222 F.2d 305, 308 (D.D.C. 1955) (holding that there was no evidence in the record to show that the defendant had been properly served, despite the plaintiff sending the complaint to the defense counsel, because "'[t]he rule is clear that it must appear that any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process'").  Given that Nelson Hernandez was not even an employee of Defendants, let alone a person authorized to accept service of the Summons and Complaint,

---

[5] Implicit in these cases is also the conclusion that actual notice of the service cannot cure defective service.  *See Prunte v. Universal Music Grp.*, 248 F.R.D. 335, 338 (D.D.C. 2007) ("It is established that actual notice alone cannot cure otherwise defective service.").

7

service in this case is defective. Therefore, good cause *per se* exists, and the Default must be vacated.[6]  *Flynn*, 2006 U.S. Dist. LEXIS 1680, at *10.

**B.     "Balancing of the Equities" Warrants Vacating the Default Entered Against Defendant.**

   *1. Defendant's Default was not willful.*

D.C. courts have recognized that "the 'boundary of willfulness lies somewhere between a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable." *Flynn*, 2006 U.S. Dist. LEXIS 1680, at 22; *See also Potomac Elec. Power Co. v. China Constr. Am., Inc.*, No. 09-111 (RJL), 2009 U.S. Dist. LEXIS 90234, at *3 (D.D.C. Sept. 29, 2009) (holding that "[e]ven if the defendant could have exercised more vigor in responding to the plaintiff's lawsuit, the Court cannot conclude based on the information before it that the default was willful or that defendant counsel's staffing difficulties are not an acceptable reason for the delay.")  The Court has found that where the delay has been "caused by a misunderstanding, not a willful refusal to respond" it is appropriate to vacate default. *Edmond*, 2010 U.S. Dist. LEXIS 61526, at *4.

The situation here is more akin to "a negligent filing error" or a "misunderstanding." *Flynn*, 2006 U.S. Dist. LEXIS 1680, at *22; *Edmond*, 2010 U.S. Dist. LEXIS 61526, at *4. Defendant certainly did not deliberately decide to default. As Defendant has provided by affidavit, Defendant simply was not aware of the Complaint prior to Default being entered. *See*

---

[6] Defendant's Motion should be granted based on insufficient service of process alone. The insufficient service of process coupled with the other irregularities and deficiencies in this case further warrant granting Defendant's Motion.  Specifically, in violation of Fed. R. Civ. P, Rule 4(a)(1)(A), which provides that a "summons must . . . name the court and the parties," the Summons here does not name the court. *See* Summons, Exhibit G. Further, the Green Card, which is an acknowledgment of receipt of the Summons and Complaint, was not signed by Defendant. *See* Green Card, Exhibit F. Finally, Plaintiff's Certificate of Service affiliated with the Petition for No Answer Default ("Petition") does not note to what Bank of America, N.A. address or representative the Petition was sent, and to date, Defendant has not received such. *See* Petition, attached hereto as **Exhibit I**.

8

Affidavit, Exhibit E. It can hardly be argued that Defendant's default was willful; therefore, good cause exists and the Defendant should be vacated.

*2. Bank of America Has Several Meritorious Defenses.*

Defendant is "not required to <u>prove</u> a defense" in order to set aside a default judgment; rather, Defendant need only "make allegations that contain a legally sound suggestion, which if proven at trial, would constitute a complete defense." *Flynn*, U.S. Dist. LEXIS 1680, at *27-28.

As previously noted, Defendant has filed a Motion to Dismiss, which it has incorporated herein by reference. Not only does Defendant provide "legally sound suggestion[s]" of a complete defense, but, in its Motion to Dismiss, Defendant proves several full defenses to the Plaintiff's Complaint. *Id.* The Motion to Dismiss provides many grounds for dismissal, but in large part, Plaintiff's claims are barred by the applicable statute of limitations, and pursuant to FED. R. CIV. P., Rule 12(b)(6), for failing to state a claim upon which relief may be granted. Most important, Plaintiff's Complaint appears to be a "show the note" defense to foreclosure. As is discussed in detail in the Motion to Dismiss, Plaintiff claims that because Defendant has not produced the original Note, Defendant does not have standing to foreclose; however, District of Columbia law provides that a foreclosure sale under a power of sale provision contained in any deed of trust may take place if a "holder of the note secured by such deed of trust" gives written notice of the sale. D.C. CODE §42-815(b) (2010); D.C. MUN. REG. § 9.3100 (setting forth procedures for non-judicial foreclosure). In this jurisdiction, Defendant is not obligated to show "standing" in order to proceed with foreclosure of this Property.

Because Defendant has presented several meritorious grounds to defense, Defendant has shown good cause to vacate the Default.

*3. Plaintiff Will not be Prejudiced.*

A default will not be set aside where the plaintiff would be "substantially prejudiced." *Flynn*, 2006 U.S. Dist. at \*26. A "delay in receiving recovery and the expense of litigation" are not sufficient to demonstrate prejudice. *Id*. Further, the Court favors trial on the merits. *Potomac Elec. Power Co.*, 2009 U.S. Dist. LEXIS 90234, at \*3.

Plaintiff will not be prejudiced by a final resolution of her Complaint. In fact, granting Defendant's Motion to Vacate Default will allow both Plaintiff and Defendant to resolve any purported impediments to Defendant's right to enforce the Note at issue. Given that Plaintiff will not be substantially prejudiced here, but, rather, will benefit from a final resolution, Defendant has shown good cause for vacating the Default judgment.

## IV.  CONCLUSION

Given the insufficient service of process in this case, the good cause shown by Defendant, and all other reasons set forth above, Defendant respectfully requests that the Court vacate the Default.

Dated: March 25, 2011                               Respectfully submitted,

**BANK OF AMERICA, N.A.**
*By Counsel*

By:   /s/Anand V. Ramana
Anand V. Ramana (D.C. Bar No. 489478)
MCGUIREWOODS LLP
2001 K Street, N.W., Suite 400
Washington, DC  20006-1040
Telephone:  (202) 857-1734
Facsimile: (202) 828-2973
aramana@mcguirewoods.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of March, 2011, I caused a copy of the foregoing to be sent via U.S. mail, postage-prepaid, to:

>Gayle George
>412 Quackenbos Street, NW
>Washington, DC 20001
>*Plaintiff Pro Se*

>  /s/Anand V. Ramana
> Anand V. Ramana (D.C. Bar No. 489478)
> MCGUIREWOODS LLP
> 2001 K Street, N.W., Suite 400
> Washington, DC  20006-1040
> Telephone:  (202) 857-1734
> Facsimile: (202) 828-2973
>  aramana@mcguirewoods.com
> *Counsel for Defendant*