IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAYLE GEORGE,<br><br>*Plaintiff,*<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>*Defendant.* | Civil Action No. 1:10-cv-01359 (RMC) |

## ANSWER BY DEFENDANT BANK OF AMERICA, N.A.

COMES NOW Defendant Bank of America, N.A. (hereinafter "Defendant"), by counsel, in accordance with LCvR 7(g) of the local rules of the United States District Court for the District of Columbia ("local rules") and in response to the Complaint[1], states the following[2]:

1. Lines 1-5:  Defendant lacks sufficient knowledge or information to admit or deny the illegible typed and handwritten information provided in lines 1-5, and these allegations are therefore denied.  Upon information and belief, Defendant admits that this Complaint was filed in the United States District Court, District of Columbia on August 13, 2010.

2. Lines 6-9:  Defendant denies the handwritten July 29, 2010 Complaint date, and, upon information and belief, admits the remaining allegations.

---

[1] Defendant submits Answer by Defendant Bank of America, N.A., only in compliance with LCvR7(g), which provides that "a motion to vacate an entry of default . . . shall be accompanied by a verified answer presenting a defense sufficient to bar the claims in whole or in part." Defendant does not, in filing this Answer, waive any defenses, affirmative or otherwise.  As is discussed at length in Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint and the memorandum of law in support thereof ("Motion to Dismiss"), Plaintiff's Complaint should be dismissed for a number of reasons.

[2] Plaintiff's Complaint is organized by line, rather than paragraph.  As a result, the paragraph numbers to Answer by Defendant Bank of America, N.A., do not correspond with paragraphs in the Complaint.  Rather, Defendant responds to allegations by reference to the line number contained in the Complaint.

1

3. Lines 10:  Upon information and belief, Defendant admits the allegations in line 10.

4. Lines 12-13:  Defendant denies the allegations in lines 12-13 to the extent that they imply that Bank of America, N.A., is organized under the laws of California, or has a principal place of business in California. Bank of America, N.A., is a National Banking Association organized under the laws of Delaware, with a principal place of business in North Carolina.

5. Lines 14-16:  Defendant denies the allegations contained in lines 14-16.

6. Lines 17-29:  Defendant denies the allegations in lines 17-29. To the extent such allegations contain legal conclusions, Defendant is not required to respond, and therefore denies them.

7. Lines 30-46:  Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in lines 30-46, which are primarily generalizations about the banking industry as a whole. To the extent that Plaintiff is making any allegations specific to the Defendant, or implicating the Defendant in lines 30-46, Defendant denies any such allegations.

8. Lines 47-69:  Defendant lacks sufficient knowledge or information to admit or deny the Plaintiff's statements in lines 47-69, which are primarily generalizations about the banking industry as a whole. To the extent that Plaintiff is making any allegations specific to the Defendant, or implicating the Defendant in lines 47-69, Defendant denies any such allegations. Specifically, Defendant denies that "Bank of America NA, Ameriquest, Countrywide, and many others swooped in and convinced Americans to sell their homes, get out of the*ir* [sic] safe mortgage agreements, and

speculate with the equity <u>they had gained</u> [sic] by purchasing homes they could not afford."

9. Lines 70-81: Defendant lacks sufficient knowledge or information to admit or deny the Plaintiff's statements in lines 70-81, which are primarily generalizations about the banking industry as a whole. To the extent that Plaintiff is making any allegations specific to the Defendant, or implicating the Defendant in lines 70-81, Defendant denies any such allegations. To the extent such allegations contain legal conclusions, Defendant is not required to respond, and therefore denies them.

10. Lines 82-87: Defendant denies the allegations in lines 82-87.

11. Lines 88-152: Defendant lacks sufficient knowledge or information to admit or deny the Plaintiff's statements in lines 88-152, which are primarily generalizations about the banking industry as a whole. To the extent that Plaintiff is making any allegations specific to the Defendant, or implicating the Defendant in lines 88-152, Defendant denies any such allegations.

12. Lines 153-154: Defendant denies the allegations in lines 153-154.

13. Lines 155-156: Defendant denies the allegations in lines 155-156.

14. Lines 157-158: Defendant denies the allegations in lines 157-158.

15. Lines 159-161: Defendant denies the allegations in lines 159-161.

16. Lines 162-172: Defendant denies the allegations in lines 162-172.

17. Lines 173-175: Defendant denies the allegations in lines 173-175.

18. Lines 176-177: Defendant denies the allegations in lines 176-177.

19. Lines 178-180: Defendant denies the allegations in lines 178-180.

20. Lines 181-182: Defendant denies the allegations in lines 181-182.

21. Lines 183-187: Defendant denies the allegations in lines 183-187.

22. Lines 188-189: Defendant denies the allegations in lines 188-189.

23. Lines 190-192: Defendant denies the allegations in lines 190-192.

24. Lines 193-199: With respect to lines 193-199, Defendant denies the allegations, denies that Plaintiff has suffered damages, and denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. Defendant denies all remaining allegations contained in lines 193-199.

25. Lines 200-205: With respect to lines 200-205, Defendant denies the allegations, denies that Plaintiff has suffered damages, and denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. Defendant denies all remaining allegations contained in lines 200-205.

26. Lines 206-223: The allegations in lines 206-223 contain legal conclusions, to which Defendant is not required to respond and therefore denies them.

27. Lines 224-232: The allegations in lines 224-232 contain legal conclusions, to which Defendant is not required to respond and therefore denies them.

28. Lines 233-243: Defendant denies the allegations in lines 233-243.

29. Lines 244-250: Defendant lacks sufficient knowledge or information to admit or deny the allegations in lines 244-250, and these allegations are therefore denied.

30. Lines 251-262: Defendant denies the allegations in lines 251-262.

31. Lines 263-265: Defendant denies the allegations in lines 263-265.

32. Lines 266-289: Lines 266-289 (or page 10) were omitted from the Complaint, and, as a result, Defendant lacks sufficient knowledge or information to admit or deny the

allegations contained in lines 266-289 (or page 10); therefore, these allegations are denied.

33. Lines 290-301: Defendant denies the allegations in lines 290-301.

34. Lines 302-308: Defendant lacks sufficient knowledge or information to admit or deny the Plaintiff's statements in lines 302-308, which are primarily generalizations about the banking industry as a whole. To the extent that Plaintiff is making any allegations specific to the Defendant, or implicating the Defendant in lines 320-308, Defendant denies any such allegations.

35. Lines 309-317: Lines 309-317 call for legal conclusions, to which Defendant is not required to respond and therefore denies them.

36. Lines 318-397: Lines 318-397 (or pages 12-14) were omitted from the Complaint, and, as a result, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in lines 318-397 (or pages 12-14); therefore, these allegations are denied.

37. Lines 398-411: Lines 398-411 call for legal conclusions, to which Defendant is not required to respond and therefore denies them.

38. Lines 412-428: Defendant lacks sufficient knowledge or information to admit or deny the Plaintiff's statements in lines 412-428, which are primarily generalizations about the banking industry as a whole. To the extent that Plaintiff is making any allegations specific to the Defendant, or implicating the Defendant in lines 412-428, Defendant denies any such allegations.

39. Lines 429-488: Lines 429-488 (or pages 16-17) were omitted from the Complaint, and, as a result, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in lines 429-488; therefore, these allegations are denied.

40. Lines 489-491: The introductory sentences related to lines 489-491 were omitted form the Complaint, and, as a result, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in lines 489-491; therefore, these allegations are denied.

41. Lines 492-504: Defendant denies the allegations in lines 492-504, denies that Plaintiff has suffered damages, and denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

42. Lines 505-520: Defendant denies the allegations in lines 505-520. To the extent such allegations contain legal conclusions, Defendant is not required to respond and therefore denies them.

43. Lines 521-536[3]: Lines 521-536 call for legal conclusions, to which Defendant is not required to respond and therefore denies them.

44. Lines 537-549: Lines 537-549 call for legal conclusions, to which Defendant is not required to respond and therefore denies them.

45. Lines 550-568: Defendant denies the allegations in lines 550-568, denies that Plaintiff has suffered damages, and denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. To the extent such allegations contain legal conclusions, Defendant is not required to respond and therefore denies them.

---

[3] From lines 521-627, Plaintiff appears to be responding to a Motion to Dismiss, which could not have been filed prior to the Complaint.

46. Lines 569-590: Defendant denies the allegations in lines 569-590, denies that Plaintiff has suffered damages, and denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. To the extent such allegations contain legal conclusions, Defendant is not required to respond and therefore denies them.

47. Lines 591-627: Defendant denies the allegations in lines 591-627, denies that Plaintiff has suffered damages, denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. To the extent such allegations contain legal conclusions, Defendant is not required to respond and therefore denies them.

48. Lines 628-635: Defendant denies the allegations in lines 628-635, denies that Plaintiff has suffered damages, denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. To the extent such allegations contain legal conclusions, Defendant is not required to respond and therefore denies them.

49. Lines 636-655: Defendant denies the allegations in lines 636-655, denies that Plaintiff has suffered damages, denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. To the extent such allegations contain legal conclusions, Defendant is not required to respond and therefore denies them.

50. Lines 656-675: Defendant denies the allegations in lines 656-675, denies that Plaintiff has suffered damages, denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. To the extent such allegations contain legal conclusions, Defendant is not required to respond and therefore denies them.

51. Lines 676-679: Lines 676-679 do not require a response by Defendant.

52. Any allegations not previously addressed are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

As discussed above, Plaintiff's Complaint is largely devoted to generalizations about the banking industry as a whole. Defendant cannot ascertain what allegations are directed at Defendant, or the exact allegations Plaintiff relies upon. Pursuant to Fed. R. Civ. P. 8(a), Plaintiff's Complaint should be dismissed for failure to provide "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."

### SECOND DEFENSE

Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) for insufficiency of process.

### THIRD DEFENSE

Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

### FOURTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted, and Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P., Rule 12(b)(6).

### FIFTH DEFENSE

The allegations and claims related to fraud in Plaintiff's Complaint should be dismissed because Plaintiff has failed to plead fraud with particularity.

### SIXTH DEFENSE

The Statute of Limitations bars Plaintiff's right to relief for her claims of negligence, emotional distress, breach of a fiduciary duty, unjust enrichment, breach of

the implied covenant of good faith and fair dealing, violation of the Real Estate Settlement Procedures Act ("RESPA"), Truth in Lending Act ("TILA") and Home Ownership and Equity Protection Act ("HOEPA").

### SEVENTH DEFENSE

Defendant was not egregious, willful, grossly negligent or reckless and thus cannot be held responsible or liable for punitive damages.

### RESERVATION AND NONWAIVER OF DEFENSES

Defendant reserves the right to add such other affirmative defenses as the course of discovery and investigation shall dictate.

WHEREFORE, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff Gayle George on all counts of Plaintiff's Complaint or that the Complaint be dismissed with prejudice, and that Defendant be awarded all costs and attorney's fees incurred in this action.

Dated: March 25, 2011                                    Respectfully submitted,

                                                         **BANK OF AMERICA, N.A.**
                                                         *By Counsel*

                                        By:    /s/ Anand V. Ramana
                                               Anand V. Ramana (D.C. Bar No. 489478)
                                               MCGUIREWOODS LLP
                                               2001 K Street, N.W., Suite 400
                                               Washington, DC 20006-1040
                                               Telephone: (202) 857-1734
                                               Facsimile: (202) 828-2973
                                               aramana@mcguirewoods.com
                                               *Counsel for Defendant*

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

**Bank of America, N.A.**

By: Jonathan Hyman, Vice President

Executed on: 3·21·11
              Date

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of March, 2011, I caused a copy of the foregoing to be sent via U.S. mail, postage-prepaid, to:

>Gayle George
>412 Quackenbos Street, NW
>Washington, DC 20001
>*Plaintiff Pro Se*

>　/s/Anand V. Ramana
>Anand V. Ramana (D.C. Bar No. 489478)
>MCGUIREWOODS LLP
>2001 K Street, N.W., Suite 400
>Washington, DC  20006-1040
>Telephone:  (202) 857-1734
>Facsimile: (202) 828-2973
>aramana@mcguirewoods.com
>*Counsel for Defendant*