**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GAYLE GEORGE, | |
| *Plaintiff*, | |
| v. | Case No. 1:10-cv-01359 (ABJ) |
| BANK OF AMERICA, N.A., | |
| *Defendant*. | |

<u>**BANK OF AMERICA, N.A.'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**</u>

Defendant Bank of America, N.A. ("BANA"), by and through its undersigned counsel, respectfully submits this Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint ("Plaintiff's Opposition") and states as follows:

**I.     <u>INTRODUCTION</u>**

As discussed in BANA's Motion to Dismiss Plaintiff's Complaint or Alternative Motion for a More Definite Statement ("Motion to Dismiss"), Plaintiff's Complaint must be dismissed because Plaintiff fails to offer any cognizable basis for relief.  Plaintiff still has not overcome the fact that her Complaint does not offer a basis for relief and should be dismissed.  Further, Plaintiff's attempt to add bases for relief, which were not presented in her Complaint, is improper and these arguments should not be considered.  Even assuming *arguendo* that Plaintiff timely and properly presented these arguments, the fact remains that Plaintiff's Complaint should be dismissed pursuant to Federal Rules of Civil Procedure, Rule 12(b)(4), 12(b)(5), and 12(b)(6) and the applicable statute of limitations.

## II.   ARGUMENT

In Plaintiff's Opposition, Plaintiff argues that BANA: (1) violated D.C. Code §§ 42-815(b) and 28:3-501; (2) presented inadmissible evidence; (3) improperly appointed a substitute trustee; (4) engaged in fraud and negligence; (5) caused Plaintiff emotional distress; and (6) has been unjustly enriched.  *See* Opp'n at 1-10.[1]  Plaintiff also claims that certain of her claims are not barred by the applicable statute of limitations   Plaintiff has still failed to state any claim that entitles Plaintiff to relief.

### A.   Plaintiff Has Failed to State a Claim for Violation of D.C. Code §§ 42-815(b) and 28:3-501.

In addition to Plaintiff's argument that BANA has to show standing to proceed with foreclosure of the property, Plaintiff now asserts that BANA did not provide proper notice of foreclosure and did not satisfy the requirements of presentment as stated in D.C. Code § 28:3-501.

As a preliminary matter, "[i]n deciding a motion brought under Rule 12(b)(6), a court is restricted from considering matters 'outside' the pleadings."  *Hinton v. Corr. Corp. of Am.*, 624 F.Supp. 2d 45, 46 (D.D.C. 2009).[2]  Therefore, it is wholly improper for Plaintiff to attempt to allege new facts and causes of action in Plaintiff's Opposition.

---

[1] Plaintiff also argues that "Defendant should be estopped from acquiring any relief from default due to its own conduct and unnecessary delays."  *See* Opp'n at 10.  The Court has already considered Plaintiff's Objection to Court's Memorandum and Order in which Plaintiff presented her arguments in opposition to the Court's May 5, 2011 Memorandum and Order granting BANA's Motion to Vacate Default Judgment.  On June 1, 2011, the Court denied Plaintiff's "construed motion to reconsider."  Because the Court has already ruled on BANA's Motion to Vacate Default Judgment and denied Plaintiff's motion to reconsider, BANA will not address these arguments further here.  In the event that the Court considers this argument relevant to the Motion to Dismiss, BANA reserves the right to respond further.

[2] A defendant may attach to a pleading documents relied upon in the Complaint, and the Court may consider those documents in ruling upon a Rule 12(b)(6) motion.  *Hinton*, 624 F. Supp. 2d at 46 (quotations and internal citation omitted) (the court may consider documents "incorporated by reference in the complaint," or documents "upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff").

In Plaintiff's Opposition, Plaintiff suddenly claims that she did not receive proper notice pursuant to D.C. Code § 42-815.  *See* Opp'n at 2-3.  D.C. Code § 42-815 states the foreclosure procedures to be followed in the District of Columbia.  Plaintiff did not argue that BANA violated D.C. Code § 42-815 or these statutorily dictated foreclosure steps in her Complaint.  *See generally* Compl.  In fact, Plaintiff summarizes the factual elements of her Complaint on pages 6-7 of the Complaint.  *See* Compl. at 6-7.  Nowhere in this list does Plaintiff mention an improper notice of foreclosure allegation.  Because Plaintiff did not present this argument in her Complaint, it may not be added for the Court's consideration of the Motion to Dismiss.

Plaintiff's Complaint is largely limited to generalizations about the banking industry and a "show the note defense."  *See generally* Compl.  In the Complaint, Plaintiff claims that BANA had an obligation to produce the original promissory note.  *See* Compl. at 2.  In Plaintiff's Opposition, Plaintiff claims that D.C. Code § 42-815 supports her argument that BANA "lacks standing and entitlement to foreclose."  *See* Opp'n at 1-2.  Plaintiff's analysis is problematic for a number of reasons.  First, nothing in D.C. Code § 42-815 requires that the holder of the note produce the note prior to foreclosure as Plaintiff argues in her Complaint.  Rather, by Plaintiff's own admission, D.C. Code § 42-815 only requires that the holder of  the note provide notice to owner of the real property and the Mayor 30 days in advance of invoking the power of sale provision in a security instrument.  *See* Opp'n at 1.  Now, Plaintiff claims that because BANA has not shown that it provided notice as required under D.C. Code § 42-815, BANA lacks standing.  *Id*.  As discussed in the Motion to Dismiss, in non-judicial foreclosure jurisdictions, like the District of Columbia, foreclosure procedures do not mandate a showing of "standing" in a court of law before foreclosing on the property.  *See generally* D.C. Code § 42-815 - 818.2; *see also Pazmino v. LaSalle Bank, N.A.,* 2010 U.S. Dist. LEXIS 50306, at *18-19 (E.D. Va. May 20,

2010) ("The Court rejects Plaintiff's standing argument to the extent that Plaintiff uses the term 'standing' to refer to a requirement that a secured party first prove in court its right to initiate a foreclosure before proceedings commence.  The fundamental flaw in Plaintiff's argument is that Virginia is a non-judicial foreclosure state.").[3]

Plaintiff has also added the new argument that BANA purportedly violated D.C. Code § 28:3-501.  Again, Plaintiff cannot bring new claims in her opposition to BANA's Motion to Dismiss.  Even assuming *arguendo* that Plaintiff properly presented this argument in her Complaint, she has still failed to state a claim for violation of D.C. Code § 28:3-501.  As discussed in the Motion to Dismiss, U.C.C. § 3-501 (as was cited in Plaintiff's Complaint) and D.C. Code § 28:3-501 are identical.  Thus, the analysis remains the same.  In her Complaint, Plaintiff claims that BANA had to present the "original promissory note" subsequent to a request from Plaintiff.  *See* Compl. at 2.  Nothing in either U.C.C. § 3-501 and D.C. Code § 28:3-501 requires the person making presentment to provide the original security instrument.  Plaintiff now attempts to argue around the clear statutory language by arguing that BANA "did not 'exhibit' the instrument.  It only provided what it claims to be a copy – without any authentication as required by the rules of evidence."  *See* Opp'n at 2.  Again, Plaintiff's analysis is misleading and incorrect.  First, "exhibit" in this statutory context appears to merely mean to show or display.  Second, much like Plaintiff's incorrect foreclosure analysis, Plaintiff appears to be working from the incorrect premise that in order to enforce a promissory note or negotiable instrument, the holder of the negotiable instrument must do so via the judiciary and pursuant to judicial standards.  Nothing in U.C.C. § 3-501 and D.C. Code § 28:3-501 requires a person enforcing a negotiable instrument to proceed through the Court or satisfy the Federal Rules of Evidence in order to enforce a negotiable instrument.

---

[3] All unpublished cases are attached hereto as Exhibit A.

In sum, Plaintiff is barred from bringing any new claims related to notice of foreclosure or presentment, and Plaintiff has still failed to state a claim for relief under D.C. Code §§ 42-815, 28:3-501 and U.C.C. § 3-501.

**B.      BANA Properly Presented Exhibits with its Motion to Dismiss**.

Plaintiff devotes three pages of her Opposition to arguments concerning the sufficiency of evidence provided by BANA in its Motion to Dismiss.  *See* Opp'n at pgs. 3-6.

First, BANA's only exhibits were documents relied upon in the complaint, or documents which the Court may take judicial notice of because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Texas Boarder Coal. v. Napolitano*, 614 F. Supp. 2d 54, 57 (D.D.C. 2009) (citing *United States v. Fink*, 393 F. Supp. 2d 935, 939 (D.S.D. 2005) ("[S]ince district courts may take judicial notice of public records, they may properly consider public records on a motion to dismiss")(citing *Stahl v. USDA*, 327 F.3d 697, 700 (8th Cir. 2003))).  The documents provided by BANA may properly be considered in ruling upon a Rule 12(b)(6) motion.  *Hinton v. Corr. Corp. of Am.*, 624 F.Supp. 2d 45, 46 (D.D.C. 2009) (quotations and internal citation omitted)(the court may consider documents "incorporated by reference in the complaint," or documents "upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff").

Further, Plaintiff again misapplies the Federal Rules of Evidence.  Plaintiff claims that BANA had to provide a "declaration" and "financial records . . . concerning payment on the loan." *See* Opp'n at 3.  Specifically, Plaintiff claims that "[a] declaration is required to state the amount of movant's claim with respect to the property, including the principal owing on the loan, the amount of accrued interest, the amount of late charges, any advances such as for property taxes or insurance, and the total amount of the claim." *See* Opp'n at 3.  Nothing in the

Federal Rules of Evidence provides that a defendant must file a "declaration" or "financial records" in affiliation with a Motion to Dismiss. Plaintiff has not cited to a single authority in support of these arguments. To the extent that Plaintiff is arguing that BANA had to submit certain documents to the Court in order to proceed with foreclosure, as discussed above, D.C. is a non-judicial foreclosure jurisdiction; thus, Plaintiff's argument fails. Finally, where verification by a BANA employee was required, BANA filed such with the Court. *See* Answer, which was verified and filed with the Court, attached hereto as Exhibit B.

Plaintiff also questions the authenticity of the Note and Deed of Trust at issue. Plaintiff's authenticity analysis is irrelevant. As discussed above, the Note and Deed of Trust were properly provided with BANA's Motion to Dismiss because these are documents upon which Plaintiff's Complaint necessarily relies. *See Hinton*, 624 F.Supp. 2d at 46 (noting that the court may consider documents "incorporated by reference in the complaint," or documents "upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff"). On the very first page of the Complaint, Plaintiff provides "Defendants, acting in concert and collusion with others, induced Petitioner to enter into a predatory *loan agreement*…" *See* Compl. at 1 (emphasis added). Thus, Plaintiff herself put the "loan agreement," which is the Note and Deed of Trust, at issue. Further, the Deed of Trust is recorded with D.C. Land Records, and, therefore, it is appropriate for the Court to take judicial notice of the Deed of Trust. *See* D.C. Land Records, attached hereto as Exhibit C; *see also Texas Boarder Coal.*, 614 F. Supp. 2d at 57 (citing *United States v. Fink*, 393 F. Supp. 2d 935, 939 (D.S.D. 2005) ("[S]ince district courts may take judicial notice of public records, they may properly consider public records on a motion to dismiss") (citing *Stahl v. USDA*, 327 F.3d 697, 700 (8th Cir. 2003))).

Plaintiff also argues that BANA had to show that it is entitled to enforce the Note and claims that "[t]here is no evidence before the court as to who is the holder of the promissory note and who is entitled to enforce it."   *See* Opp'n at 4.   As discussed at length in the Motion to Dismiss, both the Deed of Trust and Note expressly provide that BANA has an interest in the property and a valid claim to the property.   *See* Mot. to Dismiss 15-16.   Further, BANA is not attempting to enforce the Note in the action at bar.   Therefore, Plaintiff's analysis is incorrect.

In sum, the exhibits and support relied upon by BANA in its Motion to Dismiss were proper.

C.     **Plaintiff Cannot Assert New Causes of Action in Her Opposition and Even Assuming *Arguendo* that Such Causes of Action were Properly Presented, Plaintiff Has Failed to State a Claim.**

Again, as a preliminary matter, "[i]n deciding a motion brought under Rule 12(b)(6), a court is restricted from considering matters 'outside' the pleadings."   *Hinton v. Corr. Corp. of Am.*, 624 F.Supp. 2d 45, 46 (D.D.C. 2009).   Therefore, it is improper for Plaintiff to attempt to allege new facts and causes of action in Plaintiff's Opposition.   Specifically, Plaintiff may not now assert an argument concerning the validity of the deed of trust, the appointment of the substitute trustee, and the foreclosure sale notice.   *See* Opp'n at 6-7.

Plaintiff claims that the trustee named on the Deed of Trust "should be a human being" and that because "'Bank of America' is a fictitious entity . . . On its face, the Deed of Trust . . . is invalid and void."   *See* Opp'n at 6.   Plaintiff's failure to cite to any authority in support of this proposition is telling.   Plaintiff's new argument fails as a matter of law.   No D.C. law requires that the trustee on a deed of trust be a natural person.[4]   Further, even assuming *arguendo* that the

---

[4] BANA suspects that Plaintiff has confused Maryland and D.C. law with regard to deed of trust trustees.  However, the Maryland legislature purposefully amended MD Code, Real Property, § 7-105 to make clear that the failure to name a natural person as a trustee in a deed of trust does not necessarily invalidate the instrument.  Specifically, MD Code, Real Property, § 7-105(b)(4) provides: "[a]n error or omission in a mortgage or deed of trust concerning the

trustee must be a natural person (which BANA denies) Plaintiff contractually agreed that BANA may substitute the named trustee. *See* Deed of Trust ¶ 24, attached hereto as Exhibit D.  And, by Plaintiff's own admission, two natural persons – John S. Burson and Gregory N. Britto - were substituted as trustees here.  *See* Opp'n at 6.  Plaintiff broadly questions the "legal eligibility" of John S. Burson and Gregory N. Britto to act as trustees, but BANA had the contractual right to appoint these trustees and Plaintiff does not provide any basis to support this broad allegation.

Similarly, Plaintiff now broadly alleges that "Bridgett Scott," was not "eligible . . .to issue" the Notice of Foreclosure Sale.  *See* Opp'n at 7.  First, any issues related to the July Notice of Foreclosure for an August foreclosure are moot as BANA did not move forward with the August foreclosure.   *See* Land Records, Exhibit C (showing the July foreclosure notice).  Second, Plaintiff has again failed to meet Federal Rules of Civil Procedure, Rule 8(a)'s minimal pleading standards.  As discussed in the Motion to Dismiss, "[p]leading deficiencies that warrant dismissal include . . . (2) 'untidy assortment of claims that are neither plainly nor concisely stated . . .' and (3) failing to allege 'with even modest particularity the dates and places of the alleged transactions.'"  *Poblete v. Goldberg*, 680 F>Supp. 2d 18, 19 (D.D.C. 2009)(citing *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).  Here, BANA can only speculate as to what Plaintiff considers the notice at issue and why Plaintiff claims Bridgett Scott is not authorized to issue the discussed notice.

In sum, Plaintiff cannot assert new causes of action in her Opposition and such causes of action are both insufficiently pleaded and fail to state a claim upon which relief can be granted.

---

designation of the trustee or the individual authorized to exercise the power of sale does not invalidate the instrument or the ability of the mortgagee or beneficiary of the deed of trust to appoint an individual to exercise the power of sale."  And, MD Code, Real Property, § 7-105(b)(5) states, "[i]f a mortgage or deed of trust allows for the appointment or substitution of a trustee or an individual authorized to exercise a power of sale, the holder of the mortgage or deed of trust may make the appointments or substitutions from time to time."

### D. Plaintiff Has Still Failed to State a Claim for Fraud, Negligence, Emotional Distress, and Unjust Enrichment.

Plaintiff has now based her fraud, negligence, emotional distress claims, and unjust enrichment claims on the purported invalidity of the Deed of Trust.[5]

First, as discussed above, Plaintiff cannot rewrite her Complaint via her Opposition. Therefore, these new arguments, as presented by Plaintiff in her Opposition, should not be considered.

Second, Plaintiff argues that any statute of limitations arguments should be calculated from the date the Deed of Trust was purportedly "re-recorded" – October 10, 2007. This analysis is incorrect. The contracts at issue in this case – the Note and Deed of Trust – were enforceable, binding contracts from the date of their ratification, January 30, 2007.

Plaintiff claims that the Deed of Trust was void *ab initio* because it was "fraudulently prepared." *See* Opp'n at 7. Because all of Plaintiff's claims of fraud relate to the origination date, the fact remains that Plaintiff's fraud allegations – new and old – are barred by the statute of limitations. *See Delaney v. Elliott*, 819 A.2d 968, 983 (D.C. 2003)(noting that "the time limit for bringing an action for forgery or fraud is three years").

Similarly, Plaintiff's negligence claim – new and old – relates to the loan origination. *See* Opp'n at pg. 6 (where Plaintiff provides that the Deed of Trust was originally, negligently prepared). Because the loan at issue here originated three years and seven months before Plaintiff initiated this action, any claims of negligence that relate to origination are barred by the statute of limitations. *See Tolbert v. Nat'l Harmony Mem'l Park*, 520 F.Supp. 2d 209, 211-212

---

[5] Plaintiff also broadly claims that "all of Plaintiff's causes of actions are within the prescribed statute of limitations." *See* Opp'n at 8. But, apart from the discussions on fraud, negligence, emotional distress, and unjust enrichment, Plaintiff does not provide any analysis contrary to Plaintiff's arguments concerning the statute of limitations as provided in the Motion to Dismiss.

(D.D.C. 2007)(noting that there is a "3-year statute of limitations period for claims of . . . negligence . . .").

Finally, Plaintiff's unjust enrichment claim relates to the loan origination.  Now, Plaintiff claims that BANA would be unjustly enriched by being allowed to enforce the Note and Deed of Trust because the Deed of Trust was void *ab initio*.  *See* Opp'n at pg. 9 (where Plaintiff argues "[t]here is no valid contract").  Because Plaintiff's unjust enrichment claim dates back to the loan origination, this claim is barred by the statute of limitations.

As for Plaintiff's emotional distress claim, to the extent that this claim is related to the loan origination, such claim is barred by the statute of limitations.  *See Tolbert*, 520 F. Supp. 2d at 211-212 (noting that there is a "3-year statute of limitations period for claims of . . . intentional and negligent infliction of emotional distress").  To the extent that Plaintiff's emotional distress claim does not date back to the loan origination, Plaintiff has still failed to state a claim for relief.  As discussed in the Motion to Dismiss, to support an emotional distress claim "the allegations of the complaint must afford a basis for concluding that the [plaintiff] may be able to prove conduct of the required enormity" – i.e. conduct that is "utterly intolerable in a civilized society." *Tiefenbacher v. AARP*, No. 05-1802 (CKK), 2006 U.S. Dist. LEXIS 23629, at *6 (D.D.C. 2006). Plaintiff's broad conclusion that "[t]he cumulative effect of all the facts clearly show that Defendant acted intentionally and/or negligently in manners which led to inflicting emotional distress on Plaintiff" clearly does not satisfy the emotional distress pleading requirements.  *See* Opp'n at 9.

In sum, not only does Plaintiff improperly allege new facts in affiliation with her fraud, negligence, emotional distress and unjust enrichment claims in her Opposition, but the fact remains that these claims are barred by the statute of limitations.

III.   **<u>CONCLUSION</u>**

For the reasons set forth above and as provided in the Motion to Dismiss, this Court should dismiss with prejudice all counts in Plaintiff's Complaint and award BANA any further relief that the Court deems appropriate.

Dated: June 22, 2011                    Respectfully submitted,

        By: <u>/s/ Anand V. Ramana</u>
           Anand V. Ramana (D.C. Bar No. 489478)
           MCGUIREWOODS LLP
           2001 K Street, N.W., Suite 400
           Washington, DC  20006
           Telephone:  (202) 857-1734
           Facsimile:  (202) 828-2973
           E-mail: <u>aramana@mcguirewoods.com</u>
           *Counsel for BANA*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of June, 2011, I caused a copy of the foregoing to be sent via U.S. mail, postage-prepaid, to:

> Gayle George
> 412 Quackenbos Street, NW
> Washington, D.C. 20011
> *Pro Se Plaintiff*

>  /s/ Anand V. Ramana
> Anand V. Ramana (D.C. Bar No. 489478)
> MCGUIREWOODS LLP
> 2001 K Street, N.W., Suite 400
> Washington, DC  20006
> Telephone:  (202) 857-1734
> Facsimile:   (202) 828-2973
> E-mail: aramana@mcguirewoods.com
> *Counsel for BANA*