## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GAYLE GEORGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. Action No. 10-1359 (ABJ)** |
| | ) | |
| **BANK OF AMERICA N.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| —————————————————— | ) | |

## <u>MEMORANDUM  OPINION</u>

In this civil action filed *pro se*, plaintiff sues Bank of America, N.A. ("BOA") under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et. seq.*.[1]  In addition, plaintiff sues defendant for fraud and other common law torts. The complaint arises from the refinancing in January 2007 of plaintiff's mortgage loan on her primary residence in the northwest quadrant of the District of Columbia.

Defendant moves to dismiss under Federal Rules of Civil Procedure 8(a) for failure to satisfy the minimal pleading requirements, 12(b)(4) for insufficient process, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief may be granted.  In the alternative, defendant moves for a more definite statement under Rule 12(e). Upon consideration of the parties' submissions, the court finds that this action is time-barred and, thus, will grant defendant's motion to dismiss under Rule 12(b)(6).[2]

---

[1]   Plaintiff also invokes within the allegations of the complaint the related Home Ownership and Equity Protection Act ("HOEPA"), *see* 15 U.S.C. §§ 1602(aa), 1639, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et. seq.*.

[2]   Given this disposition, the court will not address defendant's remaining defenses, which also provide ample grounds for dismissing the case.

## BACKGROUND[3]

On January 30, 2007, plaintiff executed a Deed of Trust and a Fixed Rate Interest Only Note to Bank of America in which she promised to pay, in return for the loan, the amount of $417,000, at an annual interest rate of 6.625 percent; the promissory note was secured by plaintiff's property at 412 Quackenbos Street, N.W., Washington, D.C. 20011. Mem. of Law in Support of BOA's Mot. to Dismiss Pl.'s Compl. or Alternative Mot. for a More Definite Statement ("Def.'s Mem.") [Dkt. # 8], Exs. A (Deed of Trust), B (Note); *see* Compl. at 1 ("Petitioner entered into a consumer contract for the refinance of a primary residence  . . . . ". On July 1, 2010, defendant initiated foreclosure proceedings against the property by scheduling a foreclosure sale on August 4, 2010.  *Id.*, Ex. C (Foreclosure Notice).  At the time, plaintiff owed approximately $481,607.77. *Id.* at 1. The foreclosure sale did not occur on the scheduled date. *See* BOA's Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss Pl.'s Compl. ("Def.'s Reply") [Dkt. # 17] at 8.

On August 13, 2010, plaintiff filed the instant action, alleging that defendant, "acting in concert and collusion with others, induced Petitioner to enter into a predatory loan agreement . . . . [[,] committed numerous acts of fraud . . . .[,] failed to make proper notices to Petitioner that would have given [her] warning of the types of tactics used [to defraud her], [and] charged false fees at settlement."  Compl. at 1.

Plaintiff lists the following six causes of action: Breach of Fiduciary Duty; *id.* at 13;[4]

---

[3]   The complaint includes a lengthy narrative about the "General State of the Real Estate Industry," Compl. at 2-6, that is well beyond the scope of the instant action. The court will recite only those facts pertinent to the resolution of plaintiff's particular claims.

[4]  Because the complaint appears to be misnumbered and plaintiff has not numbered the pages of her opposition, the court, when referring to plaintiff's documents, will cite the page numbers designated by the electronic docket system.

Negligence/Negligence Per se, *id*. at 14; Common Law Fraud, *id*.; Breach of the Implied Covenant of Good Faith and Fair Dealing, *id*. at 15; Violation of Truth in Lending Act, 15 U.S.C. § 1601 *et seq., id*. at 16; and Intentional Infliction of Emotional Distress ("IIED"), *id*. at 17.  She seeks, among other injunctive relief, rescission of the loan contract and "disgorgement of all amounts wrongfully acquired by Defendants."   *Id*. at 18.  Plaintiff also seeks "actual monetary damages" of $473, 599.15, and punitive damages of $1,420,797.45.  *Id*.

## ANALYSIS

## I.    LEGAL STANDARD

"To survive a [Rule 12(b)((6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted); *see Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted).  "A motion to dismiss may be granted on statute of limitations grounds only if apparent from the face of the complaint." *Johnson v. Long Beach Mrtg. Loan Trust 2001-4*, 451 F. Supp. 2d 16, 39 (D.D.C. 2006) (citations omitted); *see Ramirez v. Dep't of Justice*, 594 F. Supp. 2d 58, 63 (D.D.C. 2009) ("[T]he Court may grant a motion to dismiss as untimely only if the complaint on its face is conclusively time-barred . . . or if no reasonable person could disagree on the date on which the cause of action accrued.") (citations and internal quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss, the court "may consider only the facts alleged in the complaint, [and] any documents either attached to or incorporated in the

complaint," *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997),

or those "documents upon which the plaintiff's complaint necessarily relies . . . produced not by

the plaintiff in the complaint but by the defendant in a motion to dismiss," *Hinton v. Corrections*

*Corp. of Amer.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (citations and internal quotation marks

omitted); *accord Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004).   In addition, the court

may consider "matters of which . . . judicial notice" may be taken, *EEOC*, 117 F.3d at 624, such

as "public records," *Kaempe*, 367 F.3d at 965 (citations omitted).[5]

## II.   DISCUSSION

Defendant argues that all of plaintiff's claims are barred by the applicable statute of

limitations because she failed to file this action within three years of accrual.  *See* Def.'s Mem. at

18-21.   Plaintiff counters that "[t]he statute of limitation[s] would begin to toll [sic] from

10/10/2007," when the deed of trust was allegedly "re-recorded."  Pl.'s Opp'n to Def.'s Mot. to

Dismiss Pl.'s Compl. ("Pl.s Opp'n") [Dkt. # 15] at 8.

---

[5]   In her opposition, plaintiff "contests the authenticity of the note presented by Defendant as Exhibit B" and that of the deed of trust because defendant allegedly has not complied with Fed. R. Evid. 901 and 902.  Pl.'s Opp'n at 4-5.  She does not contest the documents' content.  As stated, the court may consider a document supplied by defendant in a motion to dismiss if "the complaint necessarily relies" on the document and when, as here, there is no genuine dispute that the document is what "its proponent claims."  Fed. R. Evid. 901(a).  Because the Note and Deed of Trust produced only by defendant are the integral documents underlying this action, the court may consider them without converting the instant motion to dismiss to one for summary judgment under Rule 56.  *See Hinton*, 624 F. Supp. 2d at 46-47 (citing cases); *cf. with Solomon v. Falcone*, --- F. Supp. 2d ----, No. 09-2210 (ABJ), 2011 WL 2342759, at *5 (D.D.C. June 15, 2011) (rejecting consideration of document outside the complaint where "plaintiff [had] referred to the absence of the document in her complaint . . . ."). Furthermore, defendant correctly counters that the court may take judicial notice of the Deed of Trust because it is a public document recorded with D.C. Land Records.  Def.'s Reply at 6, Ex. C.

## A.  The Timing of the Federal Claims

"Affirmative actions under TILA, are generally required to be brought within one year of the violation . . . and actions for rescission must be brought within three days after consummation of the transaction, or in the event the relevant disclosures were never made, within three years after consummation."  *In re Dawson*, 411 B.R. 1, 19-20 (Bankr. D.D.C. Apr. 9, 2008) (citing 15 U.S.C. §§ 1635(a),(f), 1640(e)).  Contrary to plaintiff's position for which she has cited no authority, a cause of action accrues under the TILA "no later than the settlement date" of the loan.  *Id.* at 20 (citation omitted); *accord Winstead v. EMC Mortgage Corp.*, 621 F. Supp. 2d 1, 4 (D.D.C. 2009) (denying motion for emergency relief to prevent property foreclosure); *Johnson*, 451 F. Supp. 2d at 39; *see Findlay v. CitiMortgage, Inc.*, --- F. Supp. 2d --, No. 10-2091 (RBW), 2011 WL 4442478, at *4 (D.D.C. Sept. 26, 2011) (concluding "that the plaintiff's TILA damages claim is time-barred under § 1640(e)'s one-year limitations period as discerned from the face of the Complaint . . . .").  Similarly, a RESPA claim must be brought within one or three years of the settlement date, depending on the claimed violation.  *See* 12 U.S.C. § 2614; *Hardin v. City Title & Escrow Co.*, 797 F.2d 1037, 1039 (D.C. Cir. 1986) ("Section 2614 is identical in all material respects to 15 U.S.C. § 1640(e), the time limitation applicable to [the TILA.]"); *Palmer v. Homecomings Financial LLC*, 677 F. Supp. 2d 233, 237 (D.D.C. 2010) ("A cause of action under [the RESPA] accrues on the date of the closing.") (citations omitted); *Winstead*, 621 F. Supp. 2d at 3-4 (same); *see also Findlay*, 2011 WL 4442478, at *7 (finding "plaintiff's RESPA claim . . . time-barred as discerned from the face of the Complaint.").[6]

---

[6]   The District of Columbia Circuit has interpreted the time limitations for bringing claims under the TILA and the RESPA as "jurisdictional" and "not subject to equitable tolling under the doctrine of fraudulent concealment."  *Hardin v. City Title & Escrow Co.*, 797 F.2d 1037, 1039

It is undisputed that the settlement date of the Note was January 30, 2007.  Therefore, plaintiff had until January 30, 2008, to bring her damages claim under the TILA and RESPA, and until January 30, 2010, to bring her rescission claim under the TILA.  *See generally Findlay*, 2011 WL 4442478, at *3-7; *Solomon v. Falcone*, --- F. Supp. 2d ----, No. 09-2210 (ABJ), 2011 WL 2342759, at *4 (D.D.C. June 15, 2011) (dismissing only TILA damages claim as untimely). The filing of the instant complaint in August 2010 occurred well beyond the longer limitations period of three years.  Hence, the court finds that the TILA and RESPA claims are time-barred.

## B.  The Timing of the D.C. Tort Claims

Plaintiff's remaining tort claims of fraud, contract breach, negligence, and IIED must suffer the same fate as the federal claims because the District of Columbia limitations period for bringing such claims is, at the longest, three years from the time the action accrued on January 30, 2007.  *See* D.C. Code § 12-301(8) (applicable to claims "for which a limitation is not otherwise specially prescribed").  Furthermore, as with the TILA and RESPA claims, plaintiff has provided no basis for equitable tolling.  In her opposition, plaintiff clarifies somewhat her fraud claim, from which the remaining tort claims appear to stem, as a challenge to the validity

---

(D.C. Cir. 1986); *but see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510 (2006) (clarifying generally "that time prescriptions, however emphatic, are not properly typed jurisdictional") (quoting *Scarborough v. Principi*, 541 U.S. 401, 414 (2004)) (internal quotation marks and other citations omitted); *Hughes v. Abell*, --- F. Supp. 2d ---, 2010 WL 4630227, at *10-11 (D.D.C. Nov. 16, 2010) (Bates, J.) (questioning the continuing vitality of Hardin's jurisdictional analysis in light of *Arbaugh*); *cf. with Chen v. Bell-Smith*, 768 F. Supp. 2d 121, 149 (D.D.C. 2011) (acknowledging that "courts in this district have continued to treat Hardin as good law with respect to RESPA's statute of limitations") (citing *Blackmon–Malloy v. U.S. Capitol Police Bd.*, 575 F.3d 699, 705 (D.C. Cir. 2009)) (other citations omitted).  To the extent that equitable tolling may apply, plaintiff has not stated any facts to satisfy the "high hurdle for equitable tolling, [which] allow[s] a statute to be tolled 'only in extraordinary and carefully circumscribed instances' " *Communications Vending Corp. of Arizona, Inc. v. F.C.C.*, 365 F.3d 1064, 1075 (D.C. Cir. 2004) (quoting *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C.Cir.1998)).

of the Deed of Trust dated January 30, 2007.[7]  She alleges, *inter alia*, that the document was "fraudulently prepared by including [BOA] as lender, trustee, and alleged beneficiary," and that "when originally recorded, [it] failed to include a description of the property to which there is an alleged lien."  Pl.'s Opp'n at 7; *see also id*. at 6.  Plaintiff concludes, then, that "no valid lien was ever attached" and that BOA "is committing fraud by seeking to foreclose on a void document." *Id*. at 7.

Equitable tolling is available "when the plaintiff 'despite all due diligence . . . is unable to obtain vital information bearing on the existence of [her] claim.' " *Chung v. Dep't of Justice*, 333 F.3d 273, 278 (D.C. Cir. 2003) (quoting *Currier v. Radio Free Europe*, 159 F.3d 1363, 1367 (D.C. Cir. 1998)).  Plaintiff cannot make such a showing because she knew, or should have known, from the face of the deed about her claims in January 2007.  Hence, the court finds that the tort claims are time-barred as well.

## III.  CONCLUSION

For the foregoing reasons, the court grants defendant's motion to dismiss under Rule 12(b)(6) on the ground that this action is time-barred.   A separate order accompanies this Memorandum Opinion.

_____s/_____
AMY BERMAN JACKSON
United States District Judge

DATE:  October 31, 2011

---

[7]   The complaint barely satisfies the minimal pleading requirements of Rule 8(a), and it does not comply at all with the pleading requirement that allegations of fraud or mistake state "with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  However, in construing plaintiff's *pro se* filings liberally, and finding no prejudice to defendant, the court has read "all of the plaintiff's filings together" in deciphering the complaint.  *Richardson v. U.S.*, 193 F.3d 545, 548 (D.C. Cir. 1999).  That said, the court agrees with defendant that plaintiff cannot raise new causes of action in opposition to the motion to dismiss, *see* Def.'s Reply at 2-5, 7-8, and the court has not considered any such claims.